IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LARUE SHEFFIELD,

    Plaintiff,

v.      CIVIL ACTION NO.: CV514-038

STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendants.

## ORDER

Presently before the Court is Plaintiff's Motion to Compel Production Pursuant to Subpoena. (Doc. 72). Plaintiff moves the Court for an order requiring nonparty Georgia Bureau of Investigation ("GBI") to produce certain materials that Plaintiff requested through a subpoena, on the basis that those materials are not privileged. (Id. at pp. 1–3). GBI has filed a Response opposing Plaintiff's Motion. (Doc. 76).

As relevant background, this case arose from the death of Plaintiff's wife and burning of their home on January 18, 2013. (Id. at p. 1). Plaintiff filed this action against Defendants, his insurance providers, in federal court on the basis of diversity, alleging various contract and tort claims. (See generally Doc. 1). In its Answer, Defendants denied Plaintiff's allegations, stating, in part, that Plaintiff's intentional conduct constituted a breach of his policy precluding any recovery for his loss. (Doc.

25, pp. 3–4). In their Rule 26(f) Report, both parties expressed their intent to seek information from law enforcement regarding the investigation of the disputed incident. (Doc. 30, pp. 2–3).

Plaintiff served GBI with a subpoena dated October 10, 2014, directing GBI to produce the following: (1) "all information related to 9555 Bowens Mill Rd. from January 1, 2010 to the present"; (2) all information related to events leading to certain arrests as well as "all information related to Alvin High, Jr., Jeffery Moore, Nicholas Moore, Kevin Coney, and the individual, believed to be Savannah Davis, who gave [a certain] statement" to law enforcement; and (3) "[a]ll records related to crimes that were committed by members of the 'Bloods' gang . . . and all crimes where members of the 'Bloods' gang were investigated but not charged since January 1, 2010." (Doc. 72, Ex. 1, pp. 1, 4). While GBI informed Plaintiff that it has no documents responsive to items one and three, GBI has produced the documents responsive to item two—namely, redacted summaries of the statements of the individuals listed in that item. (Id. at pp. 1–3; Doc. 76, pp. 1–3; see also Doc. 72, Exs. 2–4).

Plaintiff now moves to compel GBI to produce recordings and full unredacted summaries of the interviews with the listed individuals. (Doc. 72, pp. 1–3). Plaintiff preemptively argues against application of the federal common-law investigatory privilege, which protects against the disclosure of information contained in law enforcement's ongoing criminal investigations. (Id. at pp. 3–8). Citing a balancing test and factors from other district courts, Plaintiff submits that his need for the requested information outweighs GBI's interest in nondisclosure of its investigative materials, such that the privilege is overcome in this case. (Id.). Plaintiff also contends that even if the

requested materials are not definitively subject to disclosure, the Court should conduct an in-camera inspection of the materials and order full or even partial disclosure thereof. (Id. at pp. 8–10).

GBI maintains that the Court should deny the instant Motion based on the federal common-law investigatory privilege. (See Doc. 76). Applying the same tests as Plaintiff, GBI concludes that the balancing factors favor nondisclosure of the recordings and full summaries of its interviews. (Id. at pp. 3–9). GBI also asserts that the underlying purpose of the privilege favors nondisclosure here—preserving confidentiality, safeguarding the privacy of individuals, and preventing interference with investigations. (Id. at p. 9).

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A party may seek to discover information from a nonparty through a subpoena, and if the nonparty refuses to disclose, the party issuing the subpoena may move the court to order compliance. See Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. Where, as here, a nonparty withholds information on the basis of privilege, Federal Rule of Evidence 501 instructs that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. As a result, "[s]tate law . . . controls the privileged nature of material sought in discovery in a diversity action." Somer v. Johnson, 704 F.2d 1473, 1478 (11th Cir. 1983) (citing Hyde Constr. Co. v. Koehring Co., 455 F.2d 337, 340 (5th Cir. 1972)).

Because Plaintiff has filed a diversity action asserting contract and tort claims under Georgia law (see generally Doc. 1), Georgia law governs privilege regarding

3

these claims. Both Plaintiff and GBI err in briefing the privilege issue based on the federal common-law investigatory privilege. Georgia law controls the privileged nature of the investigative information Plaintiff seeks to discover in its subpoena.

Georgia recognizes "general governmental privileges" against the disclosure of certain state information. See Ana Marcela Rountree, Agnor's Georgia Evidence § 3:12 (2014–2015 ed. 2014). For example, Georgia's rules of evidence mandate that "[n]o official persons shall be called on to disclose any state matters of which the policy of the state and the interest of the community require concealment." Ga. Code Ann. § 24-5-505 (2014). The Supreme Court of Georgia has construed the "state matters" exclusion as "authorizing the nondisclosure of the identity of an informant upon whose information an arrest or search is based." Hardaway Co. v. Rives, 422 S.E.2d 854, 857–58 (Ga. 1992) (internal quotation marks omitted) (citing Chancey v. Hancock, 213 S.E.2d 633, 636 (Ga. 1975)).

Another rule excludes from evidence, on grounds of public policy, "certain admissions and communications . . . including . . . [s]ecrets of state." Ga. Code Ann. § 24-5-501. The Supreme Court of Georgia has clarified that "secrets of state," under the narrowest possible construction, is a general statement that refers to the more specific descriptions of "confidential state secrets" exempt from disclosure in other sections. Hardaway Co., 422 S.E.2d at 856–57 & nn.1–3. The court cited the "confidential state secrets" in these other sections as including information received by the Department of Corrections, the State Board of Pardons and Paroles, and the special assistant to the Attorney General. Id. (citing Ga. Code Ann. §§ 42-5-36, 42-9-53, 16-11-9).

AO 72A
(Rev. 8/82)

In addition to these rules of evidence, Georgia's Open Records Act, which generally requires that all state records be open to the public for inspection upon request, Ga. Code Ann. § 50-18-71(a)–(b), exempts from disclosure files of law enforcement relating to a pending investigation, id. § 50-18-72(a)(4); see also Unified Gov't of Athens-Clark Cnty. v. Athens Newspapers, LLC, 663 S.E.2d 248, 249 (Ga. 2008) (holding that an investigation remains "pending" until the file is closed). The Supreme Court of Georgia has emphasized that the public policy behind this exemption is to "protect[ ] the right to privacy of individuals named in investigative records and the integrity of investigations." Unified Gov't of Athens-Clark Cnty., 663 S.E.2d at 251. The only records of a pending investigation subject to public disclosure upon request are initial arrest reports and incident reports. Id. at 252.

It is not clear whether the recordings and full summaries of interviews at issue here are privileged as "state matters" requiring concealment under section 24-5-505 or as "secrets of state" under section 24-5-501. See Ga. Code Ann. §§ 24-5-505, 24-5-501. Indeed, GBI represents that these materials contain identifying information of witnesses (Doc. 76, p. 2); however, without further facts suggesting that any witness provided information prompting a GBI arrest or search, the Court cannot determine whether the "state matters" privilege applies. And while the investigative information gathered by GBI is analogous to information received by other state departments, the absence of any statutory provision similarly describing this information as "confidential state secrets" precludes any finding that the "secrets of state" privilege applies here.

What is clear, however, is that the Supreme Court of Georgia appears to recognize a general governmental privilege or protection against the disclosure of open

investigatory files. Indeed, the court has articulated the public policy requiring the nondisclosure of files pertaining to ongoing investigations, see <u>Unified Gov't of Athens-Clark Cnty.</u>, 663 S.E.2d at 251; and although the court did so in the context of a statutory exemption under the Open Records Act, its reasoning reflects a broader stance against the disclosure of open investigatory files, whether in response to an open records request or a subpoena. This privilege or protection under Georgia law provides a sufficient basis upon which to deny Plaintiff's Motion, as compliance with the subpoena would require disclosing materials relating to ongoing criminal investigations.

The Court **DENIES** Plaintiff's Motion based on privilege or protection under Georgia law. GBI need not produce any further materials in response to Plaintiff's subpoena.

**SO ORDERED**, this 21st day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE