**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

LARUE SHEFFIELD,

        Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY; and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## O R D E R

This matter came before the Court on December 21, 2015, for a hearing on the parties' Motions in Limine. For the reasons set forth below, the Court rules on the parties' Motions as follows:

1.    The Court **GRANTS** Defendants' Motion in Limine Regarding the Non-Prosecution of Plaintiff, (doc. 104), and Plaintiff's related Motion in Limine as to any Discussion or Statement that Plaintiff has been Investigated or is a Suspect, (doc. 112);

2.    The Court **GRANTS** in part and **DENIES** in part Defendants' Motion in Limine Regarding the Admissibility of Evidence of Alternative Perpetrators and of Other Crimes, (doc. 105);

3.    The Court **GRANTS** Plaintiff's Motion in Limine as to any Testimony or Argument that Plaintiff Acted Improperly Upon Seeing his Home on Fire and Learning that his Wife was Likely Inside, (doc. 113);

4.     The Court **DENIES** Plaintiff's Motions in Limine as to any Extramarital Affairs in Plaintiff's Past and as to Photographs of Women Found on Phone, (docs. 114, 115); and

5.     The Court **DENIES** Plaintiff's Motion in Limine as to Evidence of Payments Already Made by Defendants, (doc. 130).

## BACKGROUND

Plaintiff and his wife owned a house at 10817 Bowens Mill Road in Broxton, Georgia, which was insured by Defendant State Farm Fire and Casualty Company.  Plaintiff also owned a 2005 Yamaha motorcycle, which was insured by Defendant State Farm Mutual Automobile Insurance Company.  On the evening of January 18, 2013, a fire destroyed Plaintiff's home, and his wife was murdered prior to the fire.  Plaintiff submitted claims with Defendants to collect proceeds from his insurance policies, per the terms of his contracts with Defendants.  Defendants have refused to pay Plaintiff's claims based on their belief that Plaintiff killed his wife and intentionally set fire to their home.  Plaintiff filed this cause of action and alleged Defendants' actions in refusing to pay his claims constitute breach of contract, fraud, and bad faith and that Defendants conspired with their adjusters to refuse to pay Plaintiff's claims.  (Doc. 1.)  By Order dated February 24, 2016, Chief Judge Lisa Godbey Wood granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiff's fraud, (Counts II, III, VII, and VII), conspiracy, (Counts IV and IX), and bad faith, (Counts V and X), claims.[1]  (Doc. 139.)  This case is currently set for trial on July 12, 2016.  (Doc. 135.)  The Court held a hearing on the parties' then pending Motions in Limine on December 1, 2015.

---

[1]     The parties filed their Motions in Limine prior to the entry of Judge Wood's Order granting Defendants' Motion for Partial Summary Judgment.

**DISCUSSION**

I.    **Defendants' Motion in Limine Regarding the Non-Prosecution of Plaintiff, (doc. 104), and Plaintiff's Related Motion in Limine as to any Discussion or Statement that Plaintiff has been Investigated or is a Suspect, (doc. 112)**

Defendants assert it is undisputed that Plaintiff has not been prosecuted for any crime relating to the fire loss which occurred at 10817 Bowens Mill Road in Broxton, Georgia, on January 18, 2013, and the insurance claims he filed for that loss. (Doc. 104, pp. 1–2.) Defendants seek to exclude any evidence Plaintiff may seek to introduce that he has not been prosecuted for any offense in connection with the fire loss and resulting insurance claim. Defendants state Georgia courts "have consistently held that evidence of failure to prosecute a criminal action arising from the same facts and circumstances as the civil action is inadmissible." (Id. at p. 2.) Defendants note there are differing standards of proof in a criminal prosecution and a civil trial, the parties involved in any criminal prosecution are not the same as the parties in a civil action, and the admission of the non-prosecution evidence would be prejudicial to Defendants. (Id. at pp. 4–8.)

Relatedly, Plaintiff seeks the exclusion of any evidence from Defendants' investigators that he was investigated and/or is a suspect in the homicide of his wife and the fire occurring at his home on January 18, 2013. (Doc. 112, p. 2.) Plaintiff maintains the reason for not introducing this evidence is the same for not introducing evidence of non-prosecution. Plaintiff asserts the only fair thing to do is to allow the investigators to offer their opinions if opinion evidence is allowed of prosecutors as to why Plaintiff has not been prosecuted. (Id. at pp. 3–4.)

Defendants respond that they do not intend to introduce evidence that Plaintiff is or was a suspect in the criminal investigation of the events occurring on January 18, 2013. Defendants contend they also do not intend to solicit testimony from any non-party investigators as to

whether they have an opinion on Plaintiff's culpability. (Doc. 118, p. 1.) However, Defendants state they intend to introduce evidence outlined in the Pretrial Order, which inevitably will lead to investigators testifying regarding evidence obtained as a result of the criminal investigation into the fire loss and homicide of Edith Sheffield. (Id. at p. 2.) Defendants do agree that, if they introduce evidence relating to Plaintiff's status as a suspect, then evidence of his non-prosecution may become admissible.

"[E]vidence of non-prosecution in a criminal matter is not admissible to show 'innocence' in a civil matter due to the differing burdens of proof in criminal and civil cases." Peery v. Serenity Behavioral Health Sys., No. CV106-172, 2009 WL 1438939, at *2 (S.D. Ga. May 15, 2009) (quoting Aetna Cas. & Sur. Co. v. Gosdin, 803 F.2d 1153, 1160 (11th Cir. 1986) ("[Gosdin] complains that the trial court granted Aetna's motion in limine to exclude any evidence relating to the fact that Gosdin was never charged or convicted of arson in relation to the fire at issue. Aetna argued that [the] different standards of proof [in criminal and civil cases] might mislead the jury. We agree.")). "The fact that a person was not convicted of arson does not conclusively determine that the accused did not commit arson and is irrelevant to the question." Champion v. Auto-Owners Ins. Co., No. CIV.A. 14-206-CG-M, 2015 WL 2367203, at *5 (S.D. Ala. May 18, 2015). As the Fourth Circuit Court of Appeals has explained:

> The reasons for this rule are easy to appreciate. First, such evidence goes directly to the principal issue before the jury and is highly prejudicial. Second, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding. In particular, a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since [that opinion would be] based on knowledge outside his personal experience. Rabon v. Great Southwest Fire Ins. Co.[,] 818 F.2d 306, 309 (4th Cir. 1987).

Id. at pp. *5–6. However, these cases "do not hold that the exclusion extends to evidence obtained during or pursuant to a criminal investigation." Id. at *6. Evidence developed during a criminal fire investigation is relevant, but whether that evidence might have supported a criminal prosecution is irrelevant. Id. (citing Rabon, 818 F.2d at 309–10).

Here, Plaintiff may not introduce evidence that he has not been arrested (or even indicted) for the arson of his home and/or the murder of his wife. By the same token, Defendants are not permitted to introduce evidence that Plaintiff has been or still may be a suspect in the arson and/or murder. To allow this evidence would cause undue prejudice to the parties and has the potential to lead the jury to an incorrect conclusion. Thus, Defendants' Motion in Limine, (doc. 104), is **GRANTED**, as is Plaintiff's related Motion in Limine, (doc. 112). These rulings in no way will prevent Defendants from presenting evidence, in general, that an arson investigation occurred. These rulings only speak to whether the parties can introduce testimony and evidence regarding Plaintiff's alleged role or suspicion into the arson investigation. For the above reasons, the parties cannot do so.

## II.     Defendants' Motion in Limine Regarding the Admissibility of Evidence of Alternative Perpetrators and of Other Crimes (Doc. 105)

Defendants state that they anticipate Plaintiff will attempt to argue and introduce evidence that someone else is responsible for the intentional burning of Plaintiff's residence and the murder of his wife. Defendants contend Plaintiff does not have sufficient evidence to establish that someone else had the motive or opportunity to commit the crimes at his residence on January 18, 2013. (Doc. 105, p. 3.) The Court will address each area of evidence that the parties have raised on this issue.

## A. Whether Plaintiff can Introduce Evidence Regarding Alvin High

Plaintiff seeks to introduce evidence regarding Alvin High, an individual who committed an armed robbery in Coffee County in January of 2014, a year after the murder of Plaintiff's wife. Plaintiff intends to argue that it was High, not Plaintiff, who shot Plaintiff's wife and set fire to Plaintiff's home. Plaintiff intends to offer this evidence through a February 5, 2014, report of Agent James J. Karnes of the Georgia Bureau of Investigation ("the GBI Report"). (Doc. 95-2.) The GBI Report summarizes Karnes' interview of one member of a group of individuals who were arrested for armed robbery in Coffee County. Id. The interviewee recounted to Karnes statements High allegedly made to the interviewee in January of 2014. Id. According to the GBI Report, High told the interviewee that High had killed someone approximately one year before, possibly a lady. (Id. at p. 2.) The interviewee also stated that High belonged to a gang and went by the nickname "Buggy", "because he likes to play with fire." (Id. at p. 3.)

Plaintiff asserts High fits the physical description of an individual seen near Plaintiff's house after the fire. Plaintiff contends that allowing this evidence into the trial of this case will not confuse the issues but will permit a jury to reach a decision based on all of the facts. Plaintiff also asserts the admission of this evidence will permit the jury to reach a conclusion that someone other than he set fire to the residence and murdered his wife. (Id. at p. 6.) [2]

Defendants assert there is no evidence supporting Plaintiff's argument that people who were arrested for armed robbery a year after the fire and murder occurring at Plaintiff's home may be guilty of committing the arson and murder, as there is nothing of record connecting the

---

[2] Defendants' Motion focused on not only High but his associates in an armed robbery committed in 2014. (Doc. 105, pp. 2–8.) However, in response, Plaintiff has indicated that he only intends to "point the finger" at High. (Doc. 109, pp. 3–12.) Thus, Plaintiff has not presented any evidence that would connect High's associates to the arson of his home.

armed robbery and the events of January 18, 2013. (<u>Id.</u> at pp. 6–7.) Defendants contend any documentary evidence Plaintiff wishes to introduce is irrelevant, speculative, and contains "layers" of hearsay, as noted during the hearing. In addition, Defendants aver that there is no direct evidence of similarities between the January 2014 armed robbery or any other crime allegedly committed by those perpetrators and the intentional burning of the insured property and the homicide. (<u>Id.</u> at p. 12.)

> 1.      Whether Evidence Regarding Alvin High is Admissible Under Rules 402 & 403

"Evidence is relevant if" "it has any tendency to make a fact more or less probable than it would be without the evidence", and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In the criminal context, the Eleventh Circuit has held that "[t]ypically, a defendant may present evidence of third-party guilt." <u>United States v. McAnalley</u>, 535 F. App'x 809, 812 (11th Cir. 2013) (citing <u>Holmes v. South Carolina</u>, 547 U.S. 319, 330–31 (2006)). "Alternative perpetrator evidence may be admitted to establish a [person's] innocence by showing that someone else committed the crime." <u>Wade v. Mantello</u>, 333 F.3d 51, 60–61 (2d Cir. 2003). However, the right to present alternative perpetrator evidence does not create "an unfettered right to offer testimony" that is inadmissible on other grounds. <u>McAnalley</u>, 535 F. App'x at 812; <u>see also</u> <u>DiBenedetto v. Hall</u>, 272 F.3d 1, 8 (1st Cir. 2001) ("Evidence that tends to prove a person other than the defendant committed a crime is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the

defendant."); United States v. McVeigh, 153 F.3d 1166, 1189 (10th Cir. 1998) ("It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice."); White v. Stephens, Civil Action No. H-13-3067, 2014 WL 2807221, at *4 (S.D. Tex. June 20, 2014) ; Krider v. Conover, No. 11-3010-SAC, 2012 WL 1207278, at *3 (D. Kans. Apr. 11, 2012) (To be admissible, third-party evidence must "effectively connect the third party to the crime charged."); Russell v. State, 764 S.E.2d 812, 815 (Ga. 2014) ("Evidence implicating another individual as the actual perpetrator of a crime is admissible only if it identifies a specific person having a direct connection with the *corpus delicti*. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible.") (internal citations and punctuation omitted).

Under these standards and on the facts currently before the Court, evidence or testimony regarding Alvin High is not admissible. Plaintiff has a right and an understandable desire to present alternative cause evidence in this case. However, the evidence presented regarding Mr. High is simply too attenuated to connect High to the murder of Plaintiff's wife and the arson of Plaintiff's home.

There is no evidence that a crime which occurred a year after the fire at Plaintiff's home and for which Alvin High was convicted—armed robbery—has any connection to the events of January 18, 2013. While Plaintiff states that High fits the physical description of an individual who was seen near Plaintiff's home after the fire, that similarity is limited to the fact that both High and the individual are young, thin, African-American males.[3] See McVeigh, 153 F.3d at

---

[3] The Georgia Department of Corrections' listed physical description of High indicates he fits the general description Ms. Smith provided of being black and skinny (5'10" and 159 pounds), but the Court assumes

1191 (excluding alternative perpetrator evidence of individuals that matched government sketches of original suspects because "[i]n fact, there are undoubtedly thousands of men across America who resembled the government's composite sketches."). Plaintiff has not presented any other evidence linking High and the crime in question. For instance, Plaintiff has not proffered any evidence regarding High's whereabouts on the date of the fire or whether High had the motive or opportunity to murder Plaintiff's wife.[4]

High's alleged statement to his acquaintance that he had killed someone does not provide a sufficient nexus to the fire at Plaintiff's home. See United States v. Johnson, 904 F. Supp. 1303, 1311 (M.D. Ala. 1995) (excluding evidence as to two alternative perpetrators of arson where "only evidence linking [alternative perpetrators] to the crime is that an acquaintance of theirs told the government that they were extremely racist and that they had bragged about setting the fire" and excluding evidence of another alternative perpetrator where only piece of evidence, "that he told a friend that he set the fire", was "extremely tenuous"). While High allegedly had a nickname that indicated he liked to play with fire, the Court has no evidence that he has ever been charged with or convicted of arson. Furthermore, even if High had such a record, the fact that an individual has previously committed arson does not make that person a

---

plenty of young, black males in and around Coffee County fit that general description, too. Further, there is no evidence that anyone has identified High as the male with no shirt who arrived at the scene on January 18, 2013.

[4] The deficiencies in Plaintiff's evidence regarding High are highlighted by a comparison to the case that Plaintiff cites in support of his attempt to introduce this evidence. (Doc. 109, p. 12 (citing Bantz v. Allstate Ins. Co., 589 S.E.2d 621 (Ga. Ct. App. 2003).) In Bantz, the insured plaintiffs introduced evidence that a man named Keith Thomas set the fire in question rather than the plaintiff, Lisa Bantz. 589 S.E.2d at 623. The plaintiffs based this alternative perpetrator theory "on a comparison of [Thomas'] handwriting to the words 'White Ho' that were written in lipstick on the bathroom mirror at the time of the fire. Lisa Bantz also testified that Thomas lived approximately one block away and that he would whistle at her, honk, or say things to her that made her uncomfortable when he drove by. She complained to Thomas' employer, Williams, several times about this behavior, but it did not stop. Once, while Bantz was present, Williams instructed Thomas to leave her alone." Bantz, 589 S.E.2d at 623. There is no such evidence connecting High to Plaintiff's wife or the scene of the arson in this case.

plausible perpetrator in every subsequent arson in his community.  <u>McVeigh</u>, 153 F.3d at 1189

(in prosecution for bombing federal building, no error in excluding evidence, offered by defense

to suggest alternative perpetrators, that members of a survivalist group had discussed bombing

targets including federal building; probative value in suggesting alternative suspects was weak

and evidence could have led to confusion and speculation); <u>see also</u> <u>United States v. Lighty</u>, 616

F.3d 321, 358 (4th Cir. 2010) (in prosecution for kidnapping resulting in death, testimony of two

witnesses that they saw individual with firearm that looked similar to weapon used in kidnapping

and murder was not admissible to establish existence of alternative perpetrator; testimony

provided no nexus between crime and individual and proffer did not contain inkling why

witnesses felt there was similarity between firearm possessed by individual and murder weapon).

Plaintiff's proffered evidence regarding Alvin High raises impermissible speculation and

conjecture and does not sufficiently connect High with any issue before the Court.  Moreover,

any probative value of this evidence is far outweighed by its propensity to confuse and mislead

the jurors.  Therefore, the Court **GRANTS** this portion of Defendants' Motion and excludes any

evidence or argument regarding Alvin High from the trial of this case.[5]

    2.    Whether Rule 802 Requires Exclusion of the GBI Report

Plaintiff's desire to introduce the GBI Report is also unavailing for other reasons.  The

report contains "layers" of hearsay, as Defendants correctly note, and does not meet the hearsay

exceptions Plaintiff lists.

"Hearsay" means a statement that: (1) the declarant does not make while testifying at the

current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted

---

[5]  The Court makes this ruling, as it must, on the evidence currently before it.  Plaintiff has not indicated
that he anticipates developing any additional evidence that would link High to the fire at Plaintiff's home.
However, should Plaintiff discover any such evidence, he must present that evidence to the Court, outside
the presence of the jury, and seek reconsideration of this ruling based on that additional evidence.

in the statement. Fed. R. Evid. 801. Hearsay is generally inadmissible at the trial of a case. See Fed. R. Evid. 802. However, Rule 803 provides certain exclusions to this general rule regardless of whether the declarant is available as a witness. Pertinently, Rule 803(6)(A) allows the admission of hearsay evidence if it is a record of an act, event, condition, opinion, or diagnosis if the record was made at or near the time by--or from information transmitted by--someone with knowledge. Additionally, Rule 803(8) allows for the admission of a document which is a record or statement of a public office of it sets out a matter observed while under a legal duty to report and the opponent of this evidence does not show that the source of information or other circumstances indicate a lack of trustworthiness. Additionally, Plaintiff cites Rule 804(b)(3) which allows, under certain circumstances, for the admission of statements by unavailable witnesses against their own interest. (Doc. 109, pp. 3–4.) As Defendants correctly point out, these exceptions to the hearsay rule do not permit the admission of the GBI Report. (Doc. 116, pp. 7–8.)

The triple hearsay within the report cannot be satisfied by Rule 803(6)'s business record exception or Rule 803(8)'s public records exception. "'It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not.'" United Technologies Corp. v. Mazer, 556 F.3d 1260, 1278 (11th Cir. 2009) (holding hearsay within a government report inadmissible under Rule 803(6) and Rule 803(8)) (quoting United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983)). Therefore, "'[p]lacing otherwise inadmissible hearsay statements by third-parties into a government report does not make the statements admissible.'" Id. (quoting Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp., 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005); see also Goodman v. Kimbrough, 718 F.3d

1325, 1333 (11th Cir. 2013) ("To boot, all of this ignores the fact that [inmate's] statements, included as part of the Sheriff's Department investigative report, are rank hearsay. Even accepting that the conclusions drawn in the report itself are admissible under the public records exception to the hearsay rule, see Fed. R. Evid. 803(8), the statements of third-parties within that report are double hearsay not within any exception to the rule."); Fed. R. Evid. 803, advisory committee notes, 1972 Proposed Rules (discussing a police report which contains information obtained from a bystander and explaining that officer qualifies as acting in the regular course of business but the bystander does not). While Agent Kane may have been acting within the regular course of business and pursuant to a public duty when writing the GBI Report, the interviewee was not acting under any such course or duty when speaking with Agent Kane. Consequently, the hearsay in the Report cannot be admitted through Rule 803(6) or Rule 803(8).

Equally unavailing is Plaintiff's citation to Rule 804(b)(3). Rule 804(b)(3) requires that: (1) the declarant must be unavailable; (2) the statement must be against the penal interest of the declarant; and (3) corroborating circumstances must exist indicating the trustworthiness of the statement. United States v. Harrell, 788 F.2d 1524, 1526 (11th Cir. 1986). As with all hearsay exceptions, the burden to satisfy all of these factors rests with Plaintiff, as the proponent of the evidence. United States v. Kennard, 472 F.3d 851, 855 (11th Cir. 2006); United States v. Acosta, 769 F.2d 721, 723 (11th Cir. 1985). As an initial matter, Plaintiff has not demonstrated that High is unavailable or that his testimony could not have been preserved for trial. Moreover, Plaintiff has not presented any information demonstrating that the circumstances surrounding High's statements to the interviewee indicate trustworthiness. Further, even if Rule 804(b)(3) cured the layer of hearsay from High to the interviewee, it does not cure the layer of hearsay from the interviewee to Agent Kane. See United States v. Pendas-Martinez, 845 F.2d 938, 942

(11th Cir. 1988) (proponent of evidence with multiple levels of hearsay must establish exception as to each level of hearsay); Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

As Plaintiff has not shown this statement taken by the Georgia Bureau of Investigation meets these exceptions to the hearsay rule, this portion of Defendants' Motion is **GRANTED**.

3.      Whether Plaintiff can Introduce Evidence Regarding High Under Rule 404(b)

Under Federal Rule of Evidence 404, a person's character is generally not admissible to show that the person acting in conformity with that character on a particular occasion. However, under Rule 404(b), evidence of other wrongs or acts is admissible to prove a person's motive, intent, plan, knowledge, or absence of mistake or accident. "[A] party seeking to admit evidence of other wrongs must satisfy a three-pronged test, to-wit: (1) the evidence must be relevant to an issue other than the adverse party's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s); and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must otherwise satisfy [Rule 403]." Phillips v. Irvin, Civil Action No. 05-0131-WS-M, 2007 WL 2310038, at * 2 (S.D. Ala. July 27, 2007). "Evidence passing Rule 404(b) muster is still subject to Rule 403 prejudice-balancing requirements." Shinholster v. Langston, No. 606CV073, 2008 WL 4762306, at *5,*6 (S.D. Ga. Oct. 28, 2008).

For the reasons set forth above, Plaintiff is not permitted to present evidence and testimony relating to Alvin High generally. Therefore, he cannot introduce evidence under Rule 404(b) to specifically show that the events which occurred on January 18, 2013, are relevant to show High's character or that such evidence would lead the jury to find that High was

responsible for the arson of Plaintiff's home.  Consequently, this portion of Defendants' Motion is **GRANTED**.

**B.** **Whether Plaintiff Can Present Evidence that Unnamed Individuals Were Present at his Home Shortly After the Fire**

Plaintiff is not precluded from presenting evidence and testimony, on a limited basis, that an unknown person may have murdered his wife and set fire to their home.  Specifically, provided Plaintiff lays the proper foundation for such evidence and testimony, he can present evidence that unknown males appeared at the scene of the fire, one without a shirt.  In this regard, the Court notes the excerpt from Janet Smith's deposition in which she stated two black men, one of whom was big and fat and the other of whom was young, skinny, and wearing no shirt, drove up to the scene of the fire and offered to help.  (Doc. 109-2.)  Given the current record, the Court cannot determine that the evidence regarding these two individuals is so speculative that they must be excluded as alternative perpetrators.  It appears that these men were on the scene at the time of the fire, and that they had no apparent purpose for being in the area. In addition, it appears that the fire occurred in a rural, sparsely populated area where through traffic would not be expected and that none of the residents of this area recognized the men.[6]  In addition, the men apparently disappeared without speaking to law enforcement or any of the emergency response personnel.  The fact that one of the men inexplicably appeared without a shirt on a cool evening further tips the scales towards introduction of this evidence.[7]  Thus, on

---

[6] The rural setting and unexplained appearance of these individuals distinguishes this third party evidence from that involved in United States v. Johnson, 904 F. Supp. at 1311.  There, one of the proposed alternative perpetrators of an arson at a public high school was present at the time of the fire and helped fight it.  Johnson, 904 F. Supp. at 1311.  The court found his presence at the fire not to inculpate the alternative suspect.  Id.  However, it is far more likely that an uninvolved party would be on the scene of a fire at a public high school than one at a rural residence.

[7] Defendants argue that, if the men set the fire, they would have fled from the scene earlier and that they would not have assisted in responding the fire.  Plaintiff counters that the men may have offered such

the current record, there is a sufficient nexus between these men and the apparent arson of Plaintiff's home. For these reasons, the Court **DENIES** this portion of Defendants' Motion.

Plaintiff is cautioned, however, that this is not *carte blanche* to introduce evidence relating to Alvin High's convictions and statements, as discussed in the preceding subsection. In addition, this ruling in no way will allow Plaintiff to introduce speculative evidence that other individuals set the fire to the Plaintiff's home and murdered his wife. See <u>DiBenedetto</u>, 272 F.3d at 8 ("Evidence that tends to prove a person other than the believed perpetrator committed a crime is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation[.]"); <u>see also</u> <u>United States v. Hicks</u>, 307 F. App'x 758, 761 (4th Cir. 2009) (collecting cases and noting the courts in the cited cases, including <u>DiBenedetto</u>, "balanced two evidentiary values: the admission of relevant evidence probative of [the party's] guilt or innocence with the exclusion or prejudicial, misleading, and confusing evidence.") (internal citations and punctuation omitted)).

### C. Whether Plaintiff can Present Evidence that his and his Family Member's Homes were Burglarized

To support his theory that the murder of his wife and arson of his home resulted from a home invasion, Plaintiff offers evidence of burglaries of his home and the homes of his family members who live close to him. The parties have stipulated that Plaintiff's mobile home was burglarized in December 2008 and November 2012. (Doc. 116, p. 11.) Accordingly, Plaintiff can offer this evidence. However, Plaintiff cannot offer far-ranging evidence that has no connection to the January 2013 arson of his home.

---

assistance so as not to look suspicious. These are arguments better made to the jury for their consideration of the evidence, not to the Court for the exclusion of the evidence. Moreover, the jury would likely already hear evidence regarding these men's presence at Plaintiff's property, as this is the type of background evidence that would ordinarily be included in a description of the scene of the fire.

In response to Defendants' Motion in Limine regarding prior and subsequent burglaries, Plaintiff offers six police incident reports. (Docs. 109-4–109-9.) Defendants concede that Documents 109-4 and 109-5 are admissible pursuant to the parties' stipulation. (Doc. 116, p. 12.) However, three of the remaining burglaries occurred several years prior to the January 2013 arson of Plaintiff's home, (docs. 109-6, 109-8, 109-9), and the other occurred over two years after the arson, (doc. 109-7). Additionally, many of the reports do not reflect that a home invasion took place and lack other similarities to the alleged incident at issue. These other incidents are far removed in time and type from the January 2013 arson of Plaintiff's home. Thus, they do not have a sufficient nexus to the arson to plausibly support Plaintiff's alternative perpetrator defense. Moreover, even if this evidence was probative of a fact at issue, that probative value would be far outweighed by the evidence's undue prejudice and propensity to confuse the jury.

Consequently, this portion of Defendants' Motion is **GRANTED in part and DENIED in part**. Plaintiff shall be allowed to offer evidence as to the stipulated incident reports. However, he shall not offer any evidence of burglaries or invasions of his and his family member's homes on other occasions.[8]

### D.    Whether Plaintiff can Present Evidence Relating to Sue Williams and Employees at First National Bank of Coffee County

Defendants also state Plaintiff may seek to introduce evidence that Sue Williams, the Deputy Coroner, and/or employees at First National Bank of Coffee County, where his wife

---

[8]    To be clear, this ruling does not prevent Plaintiff from arguing that his home was invaded and burglarized on the date of the arson. Also, the Court bases its ruling on those incidents supplied by Plaintiff. Outside of the above-discussed incident reports, Plaintiff has not identified any other burglaries or home invasions. Should Plaintiff identify any other incidents, he must present those to the Court outside the presence of the jury and seek a ruling on those incidents before presenting them to the jury. As part of that request, Plaintiff should be prepared to explain why he did not mention any such incidents in response to Defendants' Motion.

worked, may have been involved in the murder of Plaintiff's wife and arson at his home. (Doc. 105, pp. 9–10.) Plaintiff responds that he is unaware of any evidence which would support these inferences at this time. (Doc. 109, p. 13.)

This portion of Defendants' Motion is **GRANTED as unopposed** at this time. Should evidence relating to these inferences come to light, Plaintiff may ask the Court to revisit this issue.

III. **Plaintiff's Motion in Limine as to any Testimony or Argument That Plaintiff Acted Improperly Upon Seeing his Home on Fire and Learning That his Wife was Likely Inside (Doc. 113)**

Plaintiff avers there should be no testimony or argument regarding witnesses' opinions as to how he should have reacted upon arriving at the scene of the fire, seeing his home burning, and learning of his wife's likely death. Plaintiff asserts Defendants have no evidence, expert or otherwise, as to how a person should react upon receiving the information he did on January 18, 2013. (Doc. 113, p. 2.) Plaintiff's counsel stated during the hearing there was no problem with witnesses testifying as to their observations, but his objection lies with any characterization of their observations.

Defendants respond that, to the extent witnesses will provide testimony as to Plaintiff's conduct and demeanor upon his arrival on the scene, such testimony is permissible factual testimony. (Doc. 119, p. 3.) To the extent these witnesses may offer their opinions as to Plaintiff's conduct and demeanor, Defendants assert such opinions will be appropriate lay witness opinions. Defendants also assert this lay witness testimony is relevant, circumstantial evidence supportive of their affirmative defenses. (Id. at p. 7.)

Lay witnesses are permitted to provide opinion testimony only if that opinion is: "rationally based on the witness's perception;" "helpful to clearly understanding the witness's

testimony or to determining a fact in issue;" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" United States v. Ebron, 683 F.3d 105, 136–37 (5th Cir. 2012) (internal citation omitted). "As explained by the Second Circuit [Court of Appeals], 'a lay opinion must be the product of reasoning processes familiar to the average person in everyday life.'" Id. (quoting United States v. Garcia, 413 F.3d 201, 215 (2d Cir. 2005)). "[A]ny part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701." United States v. Yanez Sosa, 513 F.3d 194, 200 (5th Cir. 2008). The language in Rule 701(a) "is the familiar requirement of first-hand knowledge or observation, and the limitation in (b) is phrased in terms of requiring that the lay witness's testimony be helpful in resolving issues." United States v. Jayyousi, 657 F.3d 1085, 1102 (11th Cir. 2011) (internal citation omitted). "The ultimate decision as to the admissibility of lay opinion testimony is committed to the sound discretion of the district court and will not be overturned on appeal unless there is a clear abuse of discretion." United States v. Pierce, 136 F.3d 770, 773 (11th Cir. 1998).

Defendants' lay witnesses will be allowed to testify as their factual observations of Plaintiff. They may describe, factually, Plaintiff's mannerisms, his speech, and his conduct. However, they shall not testify as to how they might expect a person to act or look upon learning that his spouse was likely dead and witnessing his home burning. Moreover, they shall not testify as to whether Plaintiff looked or acted strangely, suspiciously, or in conformance with their expectations or otherwise characterize Plaintiff's reaction.

Defendants have not offered any evidence that any of these witnesses have any prior experiences with such situations. Moreover, given the unique circumstances, forming an opinion on Plaintiff's reaction is not something familiar to the average person in everyday life. Thus, these lay witnesses' opinions are not rationally based on their own observations. Additionally, allowing witnesses to testify as to their opinions of Plaintiff's reactions will not assist the jury in clearly understanding the witnesses' testimony. These witnesses can testify to Plaintiff's conduct, mannerism, and speech without resorting to an analysis of his psychological state. Moreover, allowing these witnesses to express their potentially biased characterizations of Plaintiff's reactions will only prevent the jurors from hearing the full facts and forming their own objective determinations.

For all of these reasons, Plaintiff's Motion is **GRANTED** in the manner set forth above.

## IV. Plaintiff's Motions in Limine as to any Extramarital Affairs in Plaintiff's Past and as to Photographs of Women Found on Phone not in use for Over 15 Months Before Fire (Docs. 114, 115)

Plaintiff alleges evidence of his extramarital affairs—the most recent affair occurring four years prior to the fire—does not make it more or less probable that he was involved in the murder of his wife and the burning of their home. Plaintiff also alleges that, even if such evidence were relevant, it should be excluded because it unfairly prejudices him, confuses the issues, misleads the jury, and wastes time. (Doc. 114, p. 3.) Likewise, Plaintiff asserts that evidence of pictures recovered from a phone in his truck following the fire of women who were "scantily clad" and "naked" should be excluded for the same reasons and because the phone had not been operational since September 2011. (Doc. 115, p. 2.)

Defendants assert this evidence is circumstantial evidence supportive of their arson defense, as it shows that Plaintiff had the opportunity and motive to set the fire. (Doc. 120, p. 2.)

Defendants maintain there is no dispute Plaintiff was involved with other women before and after the fire, and the only dispute as to this evidence is whether a jury would find it more likely than not Plaintiff was responsible for setting the fire and murdering his wife. Defendants assert there is evidence of Plaintiff having some sort of relationship with Kristy Smith and Amy McKean after the fire loss, particularly with Amy McKean. (Id. at p. 4.) Defendants contend this evidence bears directly on the time periods before and after the fire.

"Evidence is relevant if" "it has any tendency to make a fact more or less probable than it would be without the evidence", and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "An insurance company 'can prevail in an arson defense based solely on circumstantial evidence if it shows that the fire was of incendiary origin and that the plaintiff had both the opportunity and motive to have the fire set.'" Forston v. Cotton States Mut. Ins. Co., 308 S.E.2d 382, 385 (Ga. Ct. App. 1983). Evidence of "a crime, wrong, or other act" "may be admissible" to prove "motive, opportunity, intent, preparation, plan, [or] knowledge[.]" Fed. R. Evid. 404(b)(2). Such evidence is properly admitted only if it "possess[es] probative value that is not substantially outweighed by its undue prejudice." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1105 (11th Cir. 2005) (alteration in original) (citing United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003)); see also Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

As noted above, Defendants have alleged that arson is a defense to not paying Plaintiff's losses. Evidence of Plaintiff's infidelities, including evidence recovered from a phone Plaintiff had in his truck on the night of the fire, can be considered circumstantial evidence in support of

this defense. The jury could certainly find that Plaintiff's involvement with other women motivated him to end his wife's life and, thus, his marriage, and then set fire to his home to cover up any evidence of his involvement in the murder. United States v. Russell, 971 F.2d 1098 (4th Cir. 1992) (evidence of defendant's extramarital affairs was properly admitted in prosecution of defendant for murder of his wife as it bore directly on defendant's motive and intent); Andrew v. Moham, No. CIV-08-832-R, 2015 WL 5254525, at *16 (W.D. Okla. Sept. 9, 2015) (fact that defendant had extramarital sexual affairs with two other men relevant to show motive). Plaintiff argues that he had no such motive to end his marriage because his vows to his wife never prevented him from pursuing and consorting with other women. This is an argument better made to the jury to rebut Defendants' evidence of motive, not to the Court to exclude that evidence. Thus, the Court **DENIES** Plaintiff's Motions in Limine on this issue.

## V. Plaintiff's Motion in Limine as to Evidence of Payments Already Made by Defendants (Doc. 130)

Plaintiff requests that the Court exclude evidence that Defendants paid him $11,953.28 and paid off Plaintiff's mortgage in the amount of $78,990.57. (Doc. 130, pp. 1–2.) Plaintiff states the admission of this evidence will confuse the jury and that the Court should reduce any verdict in his favor by the amount Defendants already paid to him. (Id. at p. 2.)

Defendants contend Plaintiff has stipulated to receipt of $11,953.28 and that Defendant paid $78,990.57 on Plaintiff's mortgage. (Doc. 136, p. 1 (citing Doc. 101, p. 56, Stipulated Facts Nos. 7 & 8).) Defendants assert that there does not appear to be any basis for confusion, as there is no dispute as to whether the advance payments were made to Plaintiff and on his behalf or that Defendants have pleaded entitlement to a setoff for these amounts against any damages Plaintiff may be awarded. (Id. at p. 3.) Defendants state they do not object to the Court instructing the

jury to reduce any award of damages by these amounts or the Court reducing any verdict by these amounts.

Plaintiff has not explained how the jury will be confused or Plaintiff will be prejudiced by the introduction of this evidence. Moreover, if the Court were to exclude this evidence at this stage, it would limit the options the Court and the parties have for addressing the reduction in any damage amount at trial. Moreover, Plaintiff has stipulated to evidence of these payments. Thus, his Motion in Limine is **DENIED** at this time. However, the parties should discuss how they intend to address the issue of a reduction in damages at trial and and should attempt to reach a mutually agreeable process. The parties shall provide a joint statement to the Court on this issue no less than twenty-one (21) days before trial.

**SO ORDERED**, this 13th day of April, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA