## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

LARUE SHEFFIELD,

        Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY; and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## <u>O R D E R</u>

This matter is before the Court on Defendants' Objections to Plaintiff's Trial Exhibits. (Docs. 128, 157.) Plaintiff filed a Response. (Docs. 144, 155.) The Court directed the parties to advise the Court of their remaining Objections in light of the rulings on Defendants' Partial Motion for Summary Judgment and the parties' Motions in Limine. The parties responded to this Court's directive. In addition, Defendants filed a Motion to File Under Seal. (Doc. 158.) The Court **GRANTS** Defendants' Motion and **DIRECTS** the Clerk of Court to file Plaintiff's Exhibit 794 under seal. This exhibit shall remain under seal until further order of the Court. For the reasons which follow, the Court **SUSTAINS** in part, **OVERRULES** in part, **DISMISSES as moot** in part, and **RESERVES RULING** in part Defendants' Objections to Plaintiff's trial exhibits.

## BACKGROUND

Plaintiff and his wife owned a house at 10817 Bowens Mill Road in Broxton, Georgia, which was insured by Defendant State Farm Fire and Casualty Company. Plaintiff also owned a

2005 Yamaha motorcycle, which was insured by Defendant State Farm Mutual Automobile Insurance Company. On the evening of January 18, 2013, a fire destroyed Plaintiff's home, and his wife was murdered prior to the fire. Plaintiff submitted claims with Defendants to collect proceeds from his insurance policies, per the terms of his contracts with Defendants. Defendants have refused to pay Plaintiff's claims based on their belief that Plaintiff killed his wife and intentionally set fire to their home. Plaintiff filed this cause of action and alleged Defendants' actions in refusing to pay his claims constitute breach of contract, fraud, and bad faith. (Doc. 1.) Plaintiff further alleges that Defendants conspired with their adjusters to refuse to pay Plaintiff's claims. Id. By Order dated February 24, 2016, Chief Judge Lisa Godbey Wood granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiff's fraud, (Counts II, III, VII, and VII), conspiracy, (Counts IV and IX), and bad faith, (Counts V and X), claims. (Doc. 139.)

Defendants and Plaintiff filed several Motions in Limine seeking to exclude various categories of evidence and testimony. After conducting a hearing on these Motions, the Court entered an order granting in part and denying in part the parties' Motions. (Doc. 146.) This case is set for trial on July 12, 2016. (Doc. 135.)

## DISCUSSION

### I. Motion to File Under Seal (Doc. 158)

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457

U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Local R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

Defendants have shown good cause for filing Plaintiff's Exhibit 794 under seal. Specifically, Defendants assert this exhibit consists of bank records, cancelled checks, and other financial records which should be redacted. However, Defendants also assert the redactions would make these documents meaningless to the Court. (Doc. 158, p. 2.) Further, Plaintiff has not filed any opposition to Defendants' Motion. Accordingly, the Court **GRANTS** Defendants'

Motion to File Under Seal. The Clerk of Court is **DIRECTED** to place the contents of Plaintiff's Exhibit 794 under seal.

## II.     Defendants' Objections to Plaintiff's Exhibits

Defendants assert the following Objections are in need of a ruling: 1, 3, 7, 8, 9, 10, 11, 18, 19, 33, 34, 37, 38, 39, 41, 42, 43, and 44. (Doc. 157, p. 1.) The Court rules as follows.

### A.     Plaintiff's Exhibit Number 78 (Objection Number 1)

Defendants assert that Plaintiff's clothing produced after the loss should not be presented to the jury in the absence of chain of custody evidence. Defendants contend they were not provided information or access to this clothing until after the close of discovery when Plaintiff's counsel provided the clothing for inspection by Defendants' counsel. (Doc. 157, p. 1.) Defendants state they have no information establishing that Plaintiff wore this clothing on the night of the fire, whether the clothing had been cleaned after the night of the fire, or how the clothing has been stored for the last three and a half years. In addition, Defendants maintain that not all of Plaintiff's clothing was given to the Georgia Bureau of Investigation ("GBI") for testing to determine whether the clothing had residue of smoke, blood, or a flammable liquid. Defendants state they have no objection to the introduction of photographs of Plaintiff's clothing which was provided to the GBI or the GBI's report on the analysis of the clothing. (Id. at p. 2.)

Plaintiff responds that he gave his clothing to George McCranie shortly after the fire, and Mr. McCranie returned the clothing to him. [1] Plaintiff states that he then gave this clothing to his current attorney. Plaintiff requests that the Court allow him to call Mr. McCranie or his staff as a witness to show chain of custody of these clothes. (Doc. 155, p. 2.) Plaintiff does not provide any statement from Mr. McCranie or any other independent evidence to establish this chain of custody.

---

[1] It appears that Mr. McCranie was Plaintiff's prior counsel.

The Court **SUSTAINS** Defendants' Objection at this time.  Plaintiff has not pointed to evidence establishing a chain of custody or that Plaintiff's clothing is what it purports to be.  See United States v. Glawson, 322 F. App'x 957, 960 (11th Cir. 2009) (quoting United States v. Caldwell, 776 F.2d 989, 1001–02 (11th Cir. 1985) (authentication under Federal Rule of Evidence 901 "merely involves the process of presenting sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be")).  Additionally, Plaintiff has not responded to Defendants' objection that the clothing was not produced or identified during discovery.  Moreover, it does not appear that the testimony and evidence that Plaintiff intends to offer to authenticate the clothing was disclosed during discovery.  For example, there is no indication that Plaintiff identified Mr. McCranie during discovery as a witness that could authenticate the clothing.

However, the parties' arguments regarding this evidence are brief.  Thus, it may be that the Court does not have the full picture regarding the identification, authentication, and production of this evidence.  Thus, Plaintiff may explain to the Court at trial outside the presence of the jury (or, better yet, prior to trial) a fuller account of identification, authentication, and production of this Exhibit.  However, on the record currently before the Court, it appears this evidence and the chain of custody supporting it was not timely produced in discovery.  Thus, at this time, Plaintiff shall not be permitted to introduce into evidence the clothing he wore on the evening of January 18, 2013.

### B.      Plaintiff's Exhibit Number 86 (Objection Number 3)

Defendants contend the Coffee County arrest and booking reports dated January 23 and 24 and February 3, 2014, for persons not involved in this case contain hearsay not within any

exception, are not relevant to the issues involved in this cause of action, and would confuse the jury.

Plaintiff asserts these records are public records and/or are kept in the regular course of business in the Coffee County Sheriff's Office. Plaintiff also asserts he will either supplement his response to Defendants' Objection to this exhibit or withdraw the exhibit after he deposes Alvin High, Jr.

The Court **SUSTAINS** Defendants' Objections. As the Court has already informed the parties, "the evidence presented regarding Mr. High is simply too attenuated to connect High to the murder of Plaintiff's wife and the arson of Plaintiff's home"." (Doc. 146, p. 10.) The Court notes Plaintiff's counsel has scheduled the deposition of Alvin High for later this month, which could impact the Court's ruling as to Defendants' Objection. However, this ruling is based on the evidence presently before the Court and known to the parties. Based on that record, any evidence relating to a crime which occurred a year after the events at issue in this case is too attenuated to connect the perpetrators of that later-occurring crime to the murder of Plaintiff's wife and the fire at his residence.

### C.    Plaintiff's Exhibit Number 93 (Objection Number 7)

Defendants object to the redacted GBI summary of a neighborhood canvas on February 7, 2013, as this document contains inadmissible hearsay and is incomplete based on the redactions made to the document before its production to the parties. (Doc. 157, p. 3.) In this Report, Agents Jamie Karnes and Jamy Steinberg summarize their interview of a resident of Bowens Mill Road in Coffee County, Georgia. The interviewee describes an incident that occurred in June of 2012 when his residence was broken into and his wife was held at knife point.

Plaintiff states this report is a public record and/or is kept in the regular course of business of the GBI. Plaintiff asserts this summary was made as a result of a GBI canvas of the area in order to find other burglaries and home invasions in the area.

"Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Hearsay is generally inadmissible at the trial of a case. <u>See</u> Fed. R. Evid. 802. However, Rule 803 provides certain exclusions to this general rule regardless of whether the declarant is available as a witness. Pertinently, with some additional conditions, Rule 803(6) allows the admission of hearsay evidence if it is a record of an event made at or near the time by—or from information transmitted by—someone with knowledge of the event in the course of a regularly conducted business, organization, occupation, or calling. Additionally, Rule 803(8) allows for the admission of a document which is a record or statement of a public office if it sets out a matter observed while under a legal duty to report <u>and</u> the opponent of this evidence does not show that the source of information or other circumstances indicate a lack of trustworthiness.

The multiple levels of hearsay within Exhibit 93 cannot be satisfied by Rule 803(6)'s business record exception or Rule 803(8)'s public records exception. "'It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not.'" <u>United Technologies Corp. v. Mazer</u>, 556 F.3d 1260, 1278 (11th Cir. 2009) (holding hearsay within a government report inadmissible under Rule 803(6) and Rule 803(8)) (quoting <u>United States v. Pazsint</u>, 703 F.2d 420, 424 (9th Cir. 1983)). Therefore, "'[p]lacing otherwise inadmissible hearsay statements by third-parties into a government report does not make the

statements admissible.'" Id. (quoting Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp., 407 F. Supp. 2d 1304, 1315 n.2 (S.D. Fla. 2005); see also Goodman v. Kimbrough, 718 F.3d 1325, 1333 (11th Cir. 2013) ("To boot, all of this ignores the fact that [inmate's] statements, included as part of the Sheriff's Department investigative report, are rank hearsay. Even accepting that the conclusions drawn in the report itself are admissible under the public records exception to the hearsay rule, see Fed. R. Evid. 803(8), the statements of third-parties within that report are double hearsay not within any exception to the rule."); Fed. R. Evid. 803, advisory committee notes, 1972 Proposed Rules (discussing a police report which contains information obtained from a bystander and explaining that officer qualifies as acting in the regular course of business but the bystander does not).

While Agents Jamie Karnes and Jamy Steinberg may have been acting within the regular course of business and pursuant to a public duty when writing the GBI Investigative Summary, the resident whom they interviewed was not acting under any such course or duty when speaking with the agents. The Report does not contain any information from Karnes or Steinberg but only summarizes the interviewee's statement. Moreover, the Report does not indicate that the interviewee was present when his home was burglarized. Thus, it does not appear that the interviewee even has personal knowledge of the information in the Report.

For all of these reasons, the hearsay in the Report cannot be cured through Rule 803(6) or Rule 803(8). The Court **SUSTAINS** Defendants' Objection.

### D.    Plaintiff's Exhibit Number 94 (Objection Number 8)

Defendants contend the GBI summary report of the February 5, 2014, interview with Savannah Davis contains statements of a person not related to this action, contains inadmissible

hearsay, is irrelevant to the issues before the Court, and would be unduly prejudicial and confusing to the jury if admitted.

Plaintiff asserts he will either supplement his response to Defendants' Objection to this exhibit or withdraw the exhibit after he deposes Alvin High, Jr.

The Court already addressed this Exhibit in its extensive Order on the parties' Motions in Limine. (Doc. 146, pp. 7–13.) The Court explained that the Exhibit was irrelevant and contained inadmissible hearsay. Id. For the reasons set forth in that Order and the preceding Sections of this Order, the Court **SUSTAINS** Defendants' Objection.

### E. Plaintiff's Exhibit Number 95 (Objection Number 9)

Defendants allege the GBI report on lack of burn permits should be excluded from the trial of this case because it contains hearsay not within an exception and is irrelevant to any issue in this case.

Plaintiff contends this is a public record and/or kept in the regular course of business of the GBI. Plaintiff also contends this report is relevant, as it has been stated that Plaintiff was conducting controlled burns in the days leading up to the fire. Plaintiff agrees to withdraw this exhibit if Defendants agree not to introduce evidence that Plaintiff was conducting controlled burns in the days leading up to the fire. (Doc. 155, p. 4.)

The Court **OVERRULES** Defendants' Objection at this time. The Court **DIRECTS** the parties to discuss whether Defendants will introduce evidence that Plaintiff was conducting controlled burns in the days leading to the fire and whether Plaintiff will withdraw this exhibit as a result of Defendants' decision.[2]

---

[2] The question of hearsay is a much closer call than with the GBI Report discussed in Subsection C of this Order. This Report does more than summarize the agents' interview of a private individual. Rather, the agents discuss their own investigative efforts and their discussions with a Ranger of the Georgia Forestry Commission who likely reported the information in the report pursuant to his public duty. Thus,

### F. Plaintiff's Exhibit Number 96 (Objection Number 10)

Defendants object to the introduction of the May 5, 2014, redacted GBI report of the interview with Alvin High. Defendants state this document contains inadmissible hearsay, is irrelevant based on the Court's ruling on its motion in limine, and its probative value is outweighed by the risk of undue prejudice and confusion of the jury.

Plaintiff responds that the person who wrote this report is expected to be present at the trial of this case. In addition, Plaintiff asserts he will either supplement his response to Defendants' Objection to this exhibit or withdraw the exhibit after he deposes Alvin High, Jr.

The Court **SUSTAINS** Defendants' Objection to this exhibit for the same reasons it sustained Defendants' Objections to Plaintiff's Exhibits Numbered 86, 93, and 94.

### G. Plaintiff's Exhibit Number 97 (Objection Number 11)

Defendants state the GBI report of data obtained from Plaintiff's phone contains inadmissible hearsay and is not relevant to the issues before the Court.

Plaintiff maintains that he believes the personnel who downloaded the pictures from his phone can date the pictures, and if these photos are allowed, this exhibit contains relevant information about when each photo was received and/or taken on the phone.

The Court **SUSTAINS IN PART AND OVERRULES IN PART** Defendants' Objection on the record before the Court. The GBI report of data obtained from Plaintiff's phone appears relevant to this action as Defendants have indicated that they will seek to introduce pictures and data found on the phone to prove Plaintiff had a motive to murder his wife. Thus, the Court overrules Defendants' Objection as to relevancy. However, on the record currently before the Court, this document is not admissible. Specifically, without some

---

the Report may fall within the exceptions to the inadmissibility of hearsay contained within Federal Rules of Evidence 803(6) and 803(8).

supporting testimony, the document is not understandable, and it is not clear if the document contains hearsay. Additionally, it appears that this document may not be the best form of evidence from which to present this information. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content[.]"). However, it appears, as Plaintiff proposes, that the personnel who downloaded these pictures should be able to testify about any and all relevant and admissible evidence obtained from these pictures. Should that testimony provide a more proper foundation for this document, Plaintiff may seek to admit it at that time.

### H.     Plaintiff's Exhibit Number 794 (Objection Number 18)

Defendants maintain that many of the documents contained in this exhibit—e-mails, bank statements, cancelled checks, and loan payments—are duplicative of their Exhibits Numbered 59 and 60. Additionally, Defendants assert this exhibit contains immaterial records, including Edith Sheffield's job description, financial records for Everly Grace Sheffield, and checking account records from January 2010 through April 2014, even though the fire occurred in January 2013.

Plaintiff responds that his exhibit shows a more complete picture of his and his wife's bank records.

The Court **SUSTAINS** Defendants' Objection to the extent the documents contained in Plaintiff's exhibit are duplicative of Defendants' Exhibits Numbered 59 and 60. The Court **DIRECTS** the parties to present the information contained in these exhibits and Defendants' Exhibits Numbered 59 and 60 as a joint exhibit, with the proviso that this exhibit contain only the bank records and other information relevant to only Plaintiff and his wife for the limited time period of January 2011 through January 2014. Documents before and after this limited time

period do not appear relevant to the parties' claims and defenses, could confuse and mislead the jury, and cause undue delay and the needless presentation of marginally relevant evidence.

### I. Plaintiff's Exhibit Numbers 816–824 (Objection Number 19)

Defendants aver the photographs of strangers should not be admitted because these photographs have not been authenticated as to who took them or when or where they were taken. Defendants allege Exhibits Numbered 816, 817, and 819 are separate photographs, but the remaining photographs are duplicates of these three photographs. Further, Defendants contend these photographs are being introduced to imply that the people in the photographs are the unknown perpetrators who later returned to the scene to inspect or observe it, in violation of this Court's Order dated April 13, 2016.

In response, Plaintiff asserts these photographs show a man who matches the description of a suspicious man who he saw days before the fire, and these photographs show this man crossing the crime scene tape shortly after the fire.

The Court **OVERRULES** Defendants' Objection. As the Court explained in its April 13, 2016 Order, Plaintiff may introduce evidence that unnamed individuals were present at this home shortly after the fire. (Doc. 146, pp. 5, 14–15.) Provided Plaintiff can provide authentication of these photographs and can provide testimony linking these photos to the unknown perpetrators, he may present these photographs as evidence. See Fed. R. Evid. 901.

### J. Plaintiff's Exhibit Numbers 864–886 (Objection Number 33)

Defendants state that these photographs, many of which are of a domesticated deer and one of which is of Edith Sheffield, are irrelevant.

Plaintiff asserts that, if certain photographs from Plaintiff's phone are admitted into evidence, then all photographs from his phone should be admitted. Plaintiff also asserts that,

because Defendants are accusing him of murdering his wife, he is entitled to introduce evidence to show that it is not of his character to have murdered his wife.

The Court **SUSTAINS** Defendants' Objection as to Exhibits 864 through 876, and 878 through 886. These photographs are of an apparently domesticated deer. They are irrelevant to the issues remaining before the Court. Additionally, even if evidence of Plaintiff's character is admissible, as Plaintiff argues, these photographs provide minimal, if any, probative evidence of Plaintiff's character. Whatever probative evidence the photos provide is outweighed by the potential to waste judicial resources, confuse the jury, and cause undue delay at trial.

The Court **OVERRULES** Defendants' Objection as to Exhibit 877. This is a picture of Plaintiff's wife. The Court has ruled that Defendants will be able to introduce pictures of other women found on Plaintiff's phone in order to prove that Plaintiff had a motive to murder his wife. (Doc. 146, pp. 19–21.) If Defendants are allowed to introduce Plaintiff's pictures of other women in an attempt to prove that Plaintiff did not love his wife, Plaintiff should be allowed to introduce his pictures of his wife to rebut that allegation.

### K. Plaintiff's Exhibit Number 898 (Objection Number 34)

Defendants maintain that the documents contained in this Exhibit are duplicative of other exhibits, contain inadmissible hearsay, or are irrelevant to the issues in the case. Specifically, Defendants point to a July 2013 Columbia Insurance claim for Plaintiff's tools as being irrelevant to the issues before the Court, and any decision by Columbia to pay for Plaintiff's tools was made without participation or involvement by Defendants.

Plaintiff states Defendants opened the door for this information by tendering evidence of life insurance policies. Plaintiff contends that evidence of the Columbia Insurance claim would be admissible, to the extent Defendants claim any other insurance available.

The Court **SUSTAINS** Defendants' Objections. Some of these documents may be admissible individually. However, most, if not all, of the documents contained in this exhibit are duplicative of other exhibits. Additionally some documents—such as inventory costs sheets and letters from the parties' attorneys—are duplicative of other documents within this exhibit. Thus, this exhibit would confuse and mislead the jury.

As to the parties' arguments regarding the Columbia Insurance claim for tools lost in the fire, the Court fails to see the relevancy of this evidence. Defendants have not "opened the door" to this evidence by introducing evidence of life insurance policies. Though it is not clear from the parties' arguments, it appears that Defendants have offered evidence of life insurance policies to demonstrate that Plaintiff had a motive to murder his wife. The fact that Plaintiff also had insurance for his tools does not rebut that motive.

It is readily apparent that Plaintiff intends to introduce the Columbia Insurance claim to argue (perhaps implicitly) that, because Columbia Insurance paid Plaintiff's claim for tools lost in the fire, Defendants should have paid his claims on their policies as well. Such argument or implication would be improper. Plaintiff has not argued that Colombia Insurance's policy language was the same or similar to Defendants' policy language. Additionally, the Court has no information regarding what factors Columbia Insurance considered when deciding to pay Plaintiff's claim. Even if Colombia Insurance's policy language was similar to Defendants' policy language, Colombia Insurance's decisions may have been motivated by factors other than the merit of Plaintiff's claims, such as avoiding litigation costs. See Sierra Pac. Invest. Co. v. Unigard Sec. Ins. Co., No. CIV. 03-366-AS, 2003 WL 23962278, at *2, n.1 (D. Or. Nov. 17, 2003). Moreover, simply because one insurer decided to pay Plaintiff's claim arising from the fire should not influence Defendants' right to contest Plaintiff's claim arising from the same

event.  Thus, evidence regarding the Columbia Insurance claim has little, if any, probative value, and that value is far outweighed by the propensity for the evidence to mislead and confuse the jury and unfairly prejudice Defendants.

**L.**     **Plaintiff's Exhibit Number 911 (Objection Number 37)**

Defendants object to the admission of the log of business incident reports in Coffee County from January 2012 through August 2014 because these records contain hearsay not within any exception, are irrelevant, and are barred by this Court's April 13, 2016, Order.

Plaintiff asserts these records are public records and/or kept in the regular course of business in the Coffee County Sheriff's Office.  Plaintiff also asserts these records are relevant to show the prevalence of non-residential burglaries and the amount of crime in the area.

"Evidence is relevant if" "it has any tendency to make a fact more or less probable than it would be without the evidence", and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Commercial burglaries which occurred a year prior to and more than a year and a half after the events giving rise to this cause of action have no bearing on any issues in this case.  The commercial burglaries in this report do not even appear to be limited to those occurring near Plaintiff's home.  Thus, these commercial burglaries do not make it more probable that Plaintiff's home was burglarized prior to someone setting fire to the home.  Consequently, the Court **SUSTAINS** Defendants' Objection to this Exhibit.

**M.**     **Plaintiff's Exhibit Number 912 (Objection Number 38)**

Defendants object to the admission of the log of residential incident reports in Coffee County from January 2012 through August 2014 because these records contain hearsay not within any exception, are irrelevant, and are barred by this Court's April 13, 2016, Order.

Plaintiff asserts these records are public records and/or kept in the regular course of business in the Coffee County Sheriff's Office. Plaintiff also asserts these records are relevant to show the prevalence of residential burglaries and the amount of crime in the area.

Evidence is relevant if" "it has any tendency to make a fact more or less probable than it would be without the evidence", and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. This proffered Exhibit lists 281 incidents of "Burglary/Forced Entry" in Coffee County for a period of more than two and a half years' time. This exhibit only indicates three of these incidents occurred on the same street as Plaintiff's residence. (Pages 1, 25, 26.) It appears that the events of January 18, 2013, are not logged into this report, and the Court cannot determine how the Coffee County Sheriff's Office categorized these events. Additionally, there are no facts provided as to these incidents.

As the Court explained in its April 13, 2016 Order, "Plaintiff cannot offer far-ranging evidence that has no connection to the January 2013 arson of his home." (Doc. 146, pp. 15–16.) Thus, the Court excluded evidence of crimes that did not have a "sufficient nexus" to the arson of Plaintiff's home. Id. Similarly, Plaintiff has not demonstrated that many of the incidents listed in Exhibit 912 are similar enough in location, time, and manner to the events of January 18, 2013, to be relevant to the issues remaining before the Court. Moreover, what limited relevance this document may have would be outweighed by undue prejudice and confusion of the issues. Thus, the Court **SUSTAINS** Defendants' Objection to this Exhibit.

### N.    Plaintiff's Exhibit Number 913 (Objection Number 39)

Defendants contend the Coffee County information sheet for Alvin High, Jr., contains hearsay not within any exception, is irrelevant to the issues before the Court, and any probative

value is outweighed by the risk of unfair prejudice and confusion of the jury if admitted into evidence.

Plaintiff asserts this document is a public record and/or is kept in the regular course of business in the Coffee County Sheriff's Office. Plaintiff also asserts he will either supplement his response to this Objection or withdraw the exhibit.

The Court **SUSTAINS** Defendants' Objection for the same reasons it sustained Defendants' Objections to Plaintiff's Exhibits Numbered 86, 93, 94, and 96.

### O.    Plaintiff's Exhibit Number 915 (Objection Number 41)

Defendants object to Defendant State Farm Fire's responses to Plaintiff's first interrogatories, as this document is irrelevant to the issues remaining in this case. Plaintiff withdraws this exhibit but reserves the right to use it for impeachment purposes. (Doc. 155, p. 11.)

The Court **DISMISSES** Defendants' Objection as moot. To the extent necessary, Plaintiff can reference this exhibit only for impeachment purposes.

### P.    Plaintiff's Exhibit Number 916 (Objection Number 42)

Defendants object to Defendant State Farm Auto's responses to Plaintiff's first interrogatories, as this document is irrelevant to the issues remaining in this case. Plaintiff withdraws this exhibit but reserves the right to use it for impeachment purposes. (Id. at p. 12.)

The Court **DISMISSES** Defendants' Objection as moot. To the extent necessary, Plaintiff can reference this exhibit only for impeachment purposes.

### Q.    Plaintiff's Exhibit Number 930 (Objection Number 43)

Defendants assert the Rule 30(b)(6) deposition of Defendants is irrelevant, and thus attachments to this Exhibit are duplicative of other exhibits.

Plaintiff states he is redacting all pages of this exhibit except for pages 1 through 8, which show that Hal Parrish was presented as Defendants' corporate representative on a number of issues.

Given Plaintiff's representation that he will redact all pages of this exhibit except for pages 1 through 8, the Court **DIRECTS** Plaintiff to withdraw the entirety of this exhibit, except as noted. However, pages 1 through 8 of this exhibit are merely Plaintiff's counsel's Rule 30(b)(6) notices of depositions of each Defendant's corporate representative with the most knowledge of several categories of evidence. The Court does not have sufficient information regarding how Plaintiff intends to use this revised exhibit, and Defendants have not had sufficient time to object to the revised exhibit. Consequently, the Court **RESERVES RULING** on Defendants' Objection. The Court **DIRECTS** the parties to attempt to resolve any questions regarding the admissibility of this revised exhibit prior to trial. To the extent that the parties are not able to reach such a resolution, Plaintiff must seek a ruling from the Court prior to using this Exhibit at trial.

### R.     Plaintiff's Exhibit Number 931 (Objection Number 44)

Defendants maintain that Plaintiff's "Statement of Loss" contains hearsay not within any exception unless this document is accompanied by the Personal Property Inventory form Plaintiff submitted to State Farm and the State Farm depreciated Personal Property Inventory form (Defendants' Exhibits Numbered 72 and 600). Defendants assert they are unwilling to stipulate to Plaintiff's personal property damage and insist Alan Broome explain the bases for his calculations and opinion regarding the claimed values.

Plaintiff asserts Defendants' Exhibit Numbered 72 contains what appears to be an incomplete version of their Exhibit Numbered 600, and Exhibit 600 should accomplish

Defendants' goals in its own. Plaintiff contends that, should the Court exclude his exhibit, the Court should only exclude it provisionally and allow its admission if Alan Broome testifies.

The Court **RESERVES RULING** on Defendants' Objection at this time in the following manner. As presented to the Court, this exhibit consists of a single page and does not indicate the author of this Statement of Loss. The Court can only assume this document was authored by Alan Broome, Plaintiff's expert. Without the benefit of Broome's testimony or more information on how Plaintiff seeks to introduce this document at trial, the Court cannot rule on the admissibility of this document. However, the parties appear to agree that this document is relevant and that Plaintiff may introduce the information contained in this document through Broome's testimony. Plaintiff may seek to admit this document into evidence through Broome's testimony, provided, however, that the Personal Property Inventory forms accompany this document. If Defendants still have any remaining objections to this Exhibit, they should reassert those objections when Plaintiff seeks to admit the Exhibit at trial.

## CONCLUSION

For the reasons and in the manner set forth above, the Court **SUSTAINS** in part, **OVERRULES** in part, **DISMISSES as moot** in part, and **RESERVES RULING** in part Defendants' Objections to Plaintiff's trial exhibits.

**SO ORDERED**, this 23rd day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA