# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LARUE SHEFFIELD,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY; and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## O R D E R

This matter is before the Court on Defendants' Motion for Reconsideration of a portion of this Court's Order dated June 23, 2016, (doc. 167), and Response to this Court's Order dated June 23, 2016, (doc. 168).[1] (Doc. 169.) After careful consideration and for the reasons which follow, the Court **DENIES** Defendants' Motion.

## BACKGROUND

Plaintiff and his wife owned a house at 10817 Bowens Mill Road in Broxton, Georgia, which was insured by Defendant State Farm Fire and Casualty Company. Plaintiff also owned a 2005 Yamaha motorcycle, which was insured by Defendant State Farm Mutual Automobile Insurance Company. On the evening of January 18, 2013, a fire destroyed Plaintiff's home, and his wife was murdered prior to the fire. Plaintiff submitted claims with Defendants to collect

---

[1] Defendants assert they agree to withdraw certain of their proffered exhibits in light of the Court's rulings on Plaintiff's objections to Defendants' exhibits. The Court notes Defendants' assertion but need not revisit its rulings as to Plaintiff's objections.

proceeds from his insurance policies, per the terms of his contracts with Defendants. Defendants have refused to pay Plaintiff's claims based on their belief that Plaintiff killed his wife and intentionally set fire to their home. Plaintiff filed this cause of action and alleged Defendants' actions in refusing to pay his claims constitute breach of contract, fraud, and bad faith. (Doc. 1.) Plaintiff further alleges that Defendants conspired with their adjusters to refuse to pay Plaintiff's claims. Id. By Order dated February 24, 2016, Chief Judge Lisa Godbey Wood granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiff's fraud, (Counts II, III, VII, and VII), conspiracy, (Counts IV and IX), and bad faith, (Counts V and X), claims. (Doc. 139.)

Defendants and Plaintiff filed several Motions in Limine seeking the exclude various categories of evidence and testimony. After conducting a hearing on these Motions, the Court entered an order granting in part and denying in part the parties' Motions. (Doc. 146.) Each party then filed their respective, renewed objections to certain exhibits the opposing party wishes to present during the trial of this case. The Court entered Orders on the parties' objections. (Docs. 167, 168.) This case is set for trial on July 12, 2016. (Doc. 135.)

## DISCUSSION

Defendants reassert their objection that Plaintiff's Exhibits Numbered 816 through 824 are duplicative photographs of two people, a white man and woman, at what appears to be the end of Plaintiff's driveway. Defendants state these photographs have not been authenticated, and there is no evidence related to when, where, or by whom these photographs were taken or whether these photographs are accurate depictions as to persons or place. (Doc. 169, pp. 1–2.) Defendants contend they anticipate Plaintiff intends to introduce these photographs to "point the finger" at some unknown persons who happened to be present at the scene of the fire at some

time potentially close to the fire. (Id. at p. 2.) Defendants maintain Plaintiff's anticipated introduction of these photographs is in contravention of the Court's Order dated April 13, 2016. (Doc. 146.)

According to Defendants, the Court "clearly ruled that, while the Plaintiff is entitled to present evidence of alternate perpetrators to the murder of Edith Sheffield and the arson to the Sheffield residence, there must be some and a sufficient nexus between the persons and the arson of the Plaintiff's home." (Doc. 169, p. 2.) Defendants allege this Court's April 13, 2016, Order refers to evidence that there were two unknown black men at the fire scene who did not speak to law enforcement officials or firefighters. Defendants also allege the evidence which will be presented at trial will establish that there were dozens of people at the scene of the fire on January 18, 2013, yet their presence does not create a sufficient nexus for these people to be considered possible alternative perpetrators without more. (Id. at p. 3.) Defendants assert the mere fact that Plaintiff may claim he saw the man on a previous occasion and then at the scene of the fire on a day after January 18, 2013, in the company of an unknown woman, cannot establish any nexus sufficient for finding the photographs probative of any issue or relevant for any purpose other than depicting people who were at the scene of the fire after January 18, 2013. (Id.) Defendants request that the Court reverse its ruling of June 23, 2016, and rule these photographs, even if properly authenticated, are not probative of the remaining issues before the Court.

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 97 F.3d 1242 (11th Cir. 1996).

While the basis for Defendants' Motion for Reconsideration is not completely frivolous, Defendants have not met the standard for the granting of their Motion. First, Defendants advanced these same arguments in their objection to Plaintiff's desired introduction of these photographs, (doc. 157, p. 5.), and the Court rejected their arguments. Additionally, in ruling on Defendants' Motion in Limine regarding alternative perpetrators, the Court was not presented with any argument or evidence relating to the photographs of the unknown white man and woman. Rather, Defendants sought to exclude testimony and evidence relating to persons who had been convicted of armed robbery a year after the incidents of January 18, 2013, co-workers of Plaintiff's wife, the coroner, (doc. 105), and specifically Alvin High, Jr., (doc. 116.) Thus, this Court's ruling spoke to these specific areas of concern. (Doc. 146, pp. 7–15.) The Court

specifically pointed to the arguments the parties presented regarding the presence of two unidentified black males at the scene of the fire, as this was the argument and evidence presented to the Court at that time. The Court determined Plaintiff could present evidence that these two unidentified black males were present at the scene of the fire. However, the Court cautioned Plaintiff that he could not introduce speculative evidence of alternative perpetrators. (Id. at pp. 14–15.)

The Court's ruling on Defendants' Motion in Limine did not categorically limit Plaintiff from introducing evidence to the jury regarding alternative perpetrators. The Court did not rule that Plaintiff could only present evidence relating to the presence of these two unidentified black males, and that he could not present evidence of other alternative perpetrators. Rather, the Court ruled that Plaintiff could not introduce speculative evidence relating to his alternative perpetrator theory. To that end, the Court did not overrule Defendants' objection to the photographs of two unidentified white people without qualification. Rather, the Court conditioned the introduction of the photographs on Plaintiff's ability to authenticate these photographs (including evidence of when, where, or by whom these photographs were taken and whether these photographs are accurate depictions as to persons and place) and provide testimony or other evidence linking the unknown individuals in these photographs to the events of January 18, 2013. (Doc. 167, p. 12.) On the current record, the Court cannot conclusively determine whether Plaintiff will be able to establish such a connection. However, by the same token, Defendants have not carried their burden of demonstrating that the Court should preemptively bar Plaintiff from even attempting to do so.

## CONCLUSION

Defendants do not seek reconsideration of this Court's June 23, 2016, Order based on newly discovered evidence or an intervening development or change in controlling law. Moreover, they have not demonstrated a need to correct a clear error of law or fact. See Bryan, 246 F. Supp. 2d at 1258–59. Consequently, the Court **DENIES** Defendants' Motion for Reconsideration.

**SO ORDERED**, this 5th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA