# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

LARUE SHEFFIELD,

      Plaintiff,

      v.

STATE FARM FIRE AND CASUALTY
COMPANY; and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## O R D E R

Plaintiff filed this case on April 30, 2014.  (Doc. 1.)  On July 18, 2014, the Court made

clear in its First Scheduling Order that all Motions in Limine shall be submitted at least five days

prior to the pretrial conference.  (Doc. 32, p. 2.)  The Court reiterated this deadline when it

amended its Scheduling Order at the parties' request.  (Doc. 75, p. 2.)  The Court held the pretrial

conference on February 9, 2016.  (Doc. 134.)  At that conference, the Court set this case for trial

on July 12, 2016.  (Doc. 135.)  This Court has already entered several rulings on the parties'

numerous Motions in Limine and Objections to Exhibits.  (Docs. 146, 151, 167, 168, 181, 200.)

Nonetheless, five months after the pretrial conference and on the eve of trial, this case is now

before the Court on Plaintiff's Sixth Motion in Limine.[1]  (Doc. 185.)  This Motion is but one

example of the parties belatedly raising numerous evidentiary issues in the days before trial that

could have and should have been resolved months ago.  Moreover, the Motion and Defendants'

Response, (doc. 191), exemplifies the parties' recent inability to reach agreement on elementary

---

[1]  This Motion is docketed as Plaintiff's Fifth Motion in Limine.  However, Plaintiff filed his Fifth Motion
in Limine on February 3, 2016.  (Doc. 130.)

issues that counsel should be able to resolve without Court intervention. Nonetheless, the Court has considered the parties' arguments and **GRANTS** Plaintiff's Motion in part and **RESERVES** ruling in part.

## BACKGROUND

Plaintiff and his wife owned a house at 10817 Bowens Mill Road in Broxton, Georgia, which was insured by Defendant State Farm Fire and Casualty Company. Plaintiff also owned a 2005 Yamaha motorcycle, which was insured by Defendant State Farm Mutual Automobile Insurance Company. On the evening of January 18, 2013, a fire destroyed Plaintiff's home, and his wife was murdered prior to the fire. Plaintiff submitted claims with Defendants to collect proceeds from his insurance policies, per the terms of his contracts with Defendants. Defendants have refused to pay Plaintiff's claims based on their belief that Plaintiff killed his wife and intentionally set fire to their home. Plaintiff filed this cause of action and alleged Defendants' actions in refusing to pay his claims constitute breach of contract, fraud, and bad faith. (Doc. 1.) Plaintiff further alleges that Defendants conspired with their adjusters to refuse to pay Plaintiff's claims. Id. By Order dated February 24, 2016, Chief Judge Lisa Godbey Wood granted Defendants' Motion for Partial Summary Judgment and dismissed Plaintiff's fraud, (Counts II, III, VII, and VII), conspiracy, (Counts IV and IX), and bad faith, (Counts V and X), claims. (Doc. 139.)

Defendants contend that Plaintiff's extramarital affairs motivated him to kill his wife and burn down his house. In his most recent Motion in Limine, Plaintiff admits, as he has several times before this Court, that he had extramarital affairs. However, he requests the Court to rule that "rumors" of his affairs and infidelities are inadmissible. (Doc. 185, p. 1.) Plaintiff states that "some individuals listed on the witness lists for the parties have stated they have heard

rumors of extramarital affairs by Plaintiff." (Id. at p. 2.) He maintains that this information would be inadmissible hearsay. Id.

## DISCUSSION

To the extent that Defendants seek to prove Plaintiff's infidelity to his wife by having a witness testify that the witness heard rumors that Plaintiff had extramarital affairs, that testimony would be quintessential hearsay. Fed. R. Evid. 801(c); Casiano v. Gonzales, No. 3:04-cv-67, 2006 WL 229956, at *14 (N.D. Fla. Jan. 31, 2006) ("Obviously the 'rumors' about Dr. Ramirez's reputation as a 'hatchet-man' are a classic example of inadmissible hearsay[.]"). Courts have specifically recognized the dangers of allowing rumor evidence of a sexual nature including the potential for improper prejudice. Minor v. Ivy Tech State College, 174 F. 3d 855, 857 (7th Cir. 1999) ("Courts must be particularly assiduous to enforce the hearsay rule in sexual harassment cases in order to protect the privacy both of alleged victims and alleged harassers against scurrilous rumors (designed to either coerce settlement or abandonment of the suit) regarding their sex lives."); Scott v. City of Sioux City, Iowa, 96 F. Supp. 3d 876, 894 (N.D. Iowa 2015) (excluding rumors of affairs and sexual misconduct of city officials because, among other reasons, rumors were hearsay). At points in their Response, Defendants appear to concede that proving Plaintiff's infidelity by testimony regarding rumors would be improper. (Doc. 191, pp. 2–3.) They state that they "do not intend to introduce testimony of unsubstantiated rumors" and that "a specific rumor of his infidelity may be inadmissible if unsupported by admissible evidence." (Id. at p. 2.) However, Defendants do not explicitly agree that the rumors would fall within the definition of hearsay. The Court agrees with Plaintiff that rumors that he had extramarital affairs qualify as hearsay and **GRANTS** this portion of Plaintiff's Motion.

However, Defendants argue in their Response that they may seek to introduce evidence of rumors regarding Plaintiff's infidelity under an exception to the hearsay rule. Specifically, they cite Federal Rule of Evidence 803(21)'s exception for reputation evidence. Like any hearsay exception, the burden rests with Defendants as the proponent of the evidence to establish this exception. Defendants' response brief is disjointed and non-specific and does not carry this burden. However, to their defense, Defendants did not have much time to file their Response, and Plaintiff's scant Motion does not provide much to work with. Plaintiff does not identify the names of the witnesses whose testimony he seeks to have excluded much less the substance of their testimony. Accordingly, the Court simply does not have enough before it to determine if Defendants will be able to introduce these unidentified rumors uttered by unidentified witnesses. Consequently, the Court reserves ruling on that issue until trial. The parties will have to raise their arguments regarding any hearsay exceptions and the other requirements for introduction into evidence when the testimony is offered at trial.

While the Court does not have enough before it to issue specific rulings on this type of evidence, the Court notes the following. First, regardless of whether Defendants can satisfy the requirements of Rule 803(21) and the rules pertaining to character evidence, the evidence is still subject to the limitations of Federal Rules of Evidence 402 and 403. Plaintiff has now repeatedly admitted that he had extramarital affairs. Consequently, it appears that quizzing witnesses about rumors regarding affairs would be minimally probative (at best) and could unduly delay the trial of the case, waste the Court and the jurors' time, and needlessly present cumulative evidence. Fed. R. Evid. 403.

Moreover, if Defendants rely upon Federal Rule of Evidence 803(21) as a stand-alone basis for introducing these rumors, "they have missed a step. Rule 803(21) does not provide an

independent basis for inclusion; it provides an exception for evidence that would otherwise be excluded under the hearsay rule. The evidence must first be shown relevant and admissible under any other applicable rules." American Nat. Property & Cas. Co. v. Stutte, No. 3:11-cv-219, 2015 WL 4487997 (E.D. Tenn. July 23, 2015); see also Estate of Stuller v. United States, No. 11-3080, 2014 WL 3396084 (C.D. Ill. July 10, 2014) (Rule 803(21) addresses only the hearsay aspect of reputation evidence, while other rules govern the general admissibility of such evidence); Weatherly v. Ala. St. Univ., No. 2:10-cv-192, 2012 WL 274754 (M.D. Ala. Jan. 31, 2012) (explaining that Rule 803(21)'s exception is qualified by Rule 608's requirements); Fed. R. Evid. 405. Defendants' Response refers to Rules 405 and 608(b). However, it is not clear if they correctly apprehend that they must satisfy these Rules in addition to Rule 803(21) to introduce this evidence or if they wrongly perceive that each of these three Rules provides an independent avenue for introducing the rumors. (See, e.g., Doc. 191, p. 3 ("This type of evidence should also be admissible under Fed. R. Evid. 405.").) To be clear, the parties should be prepared to address Federal Rules of Evidence 405 and 608, as well as the other rules regarding reputation and character evidence and Rules 402 and 403, when offering arguments on this testimony at trial.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion in Limine in part and **RESERVES RULING** in part. The Court agrees that rumors that Plaintiff had an affair fall within the definition of hearsay. Unless Defendant establishes an exception to the Rule against hearsay and satisfies the Rules regarding reputation evidence and Rules 402 and 403, this evidence shall not be admitted at trial. However, given the dearth of information currently

presented regarding this evidence, the Court will have to wait until this testimony is offered at trial to rule on its ultimate admissibility.

**SO ORDERED**, this 11th day of July, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA