**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DIVISION**

LARUE SHEFFIELD,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## O R D E R

Presently before the Court are Defendants' and Plaintiff's Designations and Objections regarding the Deposition Testimony of Christopher Sheffield, Plaintiff's son. (Dosc. 207, 210.)[1] Upon consideration and as set forth below, the Court **OVERRULES IN PART**, **SUSTAINS IN PART**, and **DISMISSES AS MOOT IN PART** Defendants' Objections. The Court **OVERRULES** Plaintiff's Objections.

**I.    Defendants' Objections to Plaintiff's Designations**

    **A.    Page 14, Lines 10 Through 25**

The Court **SUSTAINS** Defendants' Objection, as this portion of Christopher Sheffield's testimony appears to be unfairly prejudicial. The portion of Christopher Sheffield's testimony to which Defendants do not object, that he had benefactors in the Coffee County, Georgia, area

---

[1] The parties filed their designations and objections regarding this deposition today, **one day before trial**. The Court's form for the filing of the Consolidated Pretrial Order, which the parties filed on May 15, 2015, required the parties to file their designations and objections long ago. (Doc. 101, pp. 22–23 ("List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any the requests that "objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.").)

generally may be relevant and admissible. However, testimony of the names of those benefactors is unnecessary and could unfairly sway the jury.

### B. Page 61, Lines 20 Through 25 and Page 62, Lines 1 Through 4

The Court **OVERRULES** Defendants' Objection. The parties have not provided the Court with any information regarding who Angie Harper is or her connection to this case. However, she is listed as one of Defendants' "may call" witnesses. Given that she has some connection to this case and may testify, it would be pertinent for the jury to know that she was a close friend of Plaintiff's deceased wife. Her relationship could put her testimony into context and could help the jury assess the weight and credibility of her testimony and her potential bias.

### C. Page 63, Lines 22 Through 25 and Page 64, Lines 1 Through 4

The Court **DISMISSES AS MOOT** Defendants' Objection. Plaintiff does not designate Page 63, lines 1 through 4 and lines 22 through 25, or Page 64, lines 1 through 10, of Christopher Sheffield's deposition. Consequently, the objected to testimony is not being offered, and the Court need not resolve Defendants' Objections.

### D. Page 81, Lines 2 Through 13

The Court **OVERRULES** Defendants' Objection. Christopher Sheffield's testimony as to his knowledge is relevant and well within his ability to provide as a lay witness. While his testimony may result in prejudice to Defendants, that prejudice is not unfair. Fed. R. Evid. 401, 402, & 403.

## II. Plaintiff's Objections to Defendants' Designations[2]

**Page 58, Line 23 Through Page 60, Lines 1 Through 22 (Listed as Three Separate Objections)**

The Court **OVERRULES** Plaintiff's Objections to this testimony. In this testimony, Defendants' counsel questioned Christopher Sheffield regarding a conversation he had with Don Allen, an investigator with the Georgia State Fire Marshal's Office. Christopher admitted that he suggested for fire officials to search for his mother in the gun safe inside the home. However, Christopher denied that he mentioned to the investigator that his mother and his father (Plaintiff) were not getting along. Defendants' counsel then questioned Christopher Sheffield about statements attributed to him in Allen's report. In that report, Allen states that Christopher Sheffield told Allen that his mother and father had not been getting along and that Christopher Sheffield was afraid that she may be inside the gun safe. Allen alleges that Christopher Sheffield made this statement in response to Allen's question about why he thought his mother may be in the gun safe. At his deposition, Christopher Sheffield denied making this statement to Allen.

As stated in the preceding subsection, the Court will allow Christopher Sheffield's testimony that he had no reason to believe Plaintiff murdered Plaintiff's wife and set fire to his home. Additionally, Plaintiff has designated testimony wherein Christopher Sheffield denied any knowledge that his parents had marital problems at the time of the fire. (Doc. 196, pp. 61 ("I know that my dad had a problem with alcohol when I was young. But since then, I don't know that they had any problems.").) This designated testimony is directly inconsistent with Christopher Sheffield's alleged statements to Allen that his parents were not getting along and

---

[2] Plaintiff also states he does not designate: Page 4, lines 14 through 25; Page 5; Page 6, lines 1 through 17; Page 7, lines 23 through 25; Page 62, line 25; Page 68, lines 4 through 25; Page 69, line 1; Page 71, lines 15 through 24; and Page 72, lines 1 through 15. (Doc. 210, p. 2.) As Defendants did not object to any of these excepted designations and Plaintiff lodges no other objections other than those listed in Section II of this Order, the Court need not discuss these excepted designations.

his direction that they check the gun safe for his mother due to those concerns. Therefore, Defendants should be permitted to use his prior inconsistent statements to Allen to impeach the testimony that Plaintiff has designated. Fed. R. Evid. 613(b) ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require.").[3]

The Court's previous Order sustaining Plaintiff's objection to Defendants' Exhibit Number 160, the report of Don Allen, does not preclude the use of this deposition testimony and Christopher Sheffield's statement to Allen for impeachment. (Doc. 168, pp. 9–12.) The Court ruled that Defendants could not introduce Christopher Sheffield's statement contained in Allen's report into evidence for substantive purposes. Specifically, the Court found that the statement did not fall within any exception to the hearsay rule. However, the Court also noted that Defendants "may question Christopher Sheffield regarding previous statements he made which differ from any testimony he provides" in an attempt to impeach Christopher Sheffield. (Id. at p. 11.) The Court also held, "[w]hether Defendants may introduce extrinsic evidence as part of that impeachment effort depends on Christopher Sheffield's testimony and the requirements of Federal Rule of Evidence 613." Accordingly, while Defendants cannot introduce his prior statements into evidence, they should be allowed to present this deposition testimony regarding his prior statements for impeachment purposes.

---

[3] "Ordinarily a prior inconsistent statement is admissible only for the purpose of impeachment and not as substantive evidence." United States v. Feliciano, 761 F.3d 1202, 1210 (11th Cir.) (citing United States v. Livingston, 816 F.2d 184, 191–92 (5th Cir.1987)). Thus, Plaintiff may request a limiting jury instruction regarding the use of impeachment evidence. Livingston, 816 F.2d at 191–92 (instructing jury at close of evidence to consider prior inconsistent statement only for impeachment was proper).

4

## CONCLUSION

For the reasons and in the manner set forth below, the Court **OVERRULES IN PART**, **SUSTAINS IN PART**, and **DISMISSES AS MOOT IN PART** Defendants' Objections and **OVERRULES** Plaintiff's Objections.

**SO ORDERED**, this 11th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA