**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DIVISION**

LARUE SHEFFIELD,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-38

## O R D E R

Presently before the Court is Plaintiff's Motion in Limine to Prevent Speculation by State Farm's Corporate Representative, Hal Parrish. (Doc. 214.) Plaintiff asserts speculative evidence, which he deems is evidence not based on personal knowledge, is inadmissible. Plaintiff also asserts Mr. Parrish is not an expert and has not been so identified, and he cannot give expert testimony. For the reasons which follow, the Court **DENIES** Plaintiff's Motion.

Plaintiff filed this case on April 30, 2014. (Doc. 1.) On July 18, 2014, the Court made clear in its First Scheduling Order that all Motions in Limine shall be submitted at least five days prior to the pretrial conference. (Doc. 32, p. 2.) The Court reiterated this deadline when it amended its Scheduling Order at the parties' request. (Doc. 75, p. 2.) The Court held the pretrial conference on February 9, 2016. (Doc. 134.) At that conference, the Court set this case for trial on July 12, 2016. (Doc. 135.) This Court has already entered several rulings on the parties' numerous Motions in Limine and Objections to Exhibits. (Docs. 146, 151, 167, 168, 181, 200.)

Nonetheless, five months after the pretrial conference and in the midst of trial, this case is now before the Court on Plaintiff's instant Motion in Limine.

The term "in limine" has been defined as "on the threshold; at the very beginning; preliminarily." Luce v. United States, 469 U.S. 38, 40 (1984) (citing Black's Law Dictionary 708 (5th ed. 1979)). In accordance with this definition, this Court provided the Plaintiff more than ample opportunity to file his Motions in Limine before trial. Plaintiff's current Motion is untimely, and the Court sees no reason to excuse Plaintiff's untimeliness. Moreover, the arguments raised in this Motion would be better addressed as objections to testimony. Consequently, the Court **DENIES** Plaintiff's Motion. Plaintiff's counsel may, of course, lodge any objection to Mr. Parrish's testimony he deems appropriate at any time during Mr. Parrish's testimony.

**SO ORDERED**, this 13th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA