# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

LARUE SHEFFIELD,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

No. 5:14-CV-38

## ORDER

Before the Court is Plaintiff's motion for costs. Dkt. Nos. 232, 239, 241. The Court **GRANTS** the motion in part and **DENIES** the motion in part.

## BACKGROUND

After a trial regarding fire damage, a jury found for Plaintiff Larue Sheffield ("Sheffield") against Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"). Dkt. Nos. 219-20. The Court entered judgment on July 19, 2016. Dkt. No. 231.

Sheffield timely sought costs. Dkt. No. 232; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Ga. L. R. 54.1. State Farm objected and briefing ensued. Dkt. Nos. 237, 238, 240.

AO 72A
(Rev. 8/82)

## ANALYSIS

Costs are presumptively allowed to the prevailing party—here, Sheffield. Fed. R. Civ. P. 54(d)(1); Dkt. No. 231. State Farm objects that Sheffield is not entitled to costs because "the Judgment . . . does not award any." Dkt. No. 237 at 1. This "is of no matter because district courts retain jurisdiction to hear post-judgment motions for costs." Power-One, Inc. v. Artesyn Tech., Inc., No. 2:05CV463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008); see also Buchanan v. Stanships, Inc., 485 U.S. 265 (1988).

The Court's cost-awarding discretion is statutorily bounded. Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 478 (N.D. Ga. 1995) (citing W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83 (1991)). All of Sheffield's requests fit within 28 U.S.C. § 1920's taxable categories:

> Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [f]ees and disbursements for printing and witnesses; . . . [and] [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

Sheffield divides his request six-fold, seeking: (1) witness fees; (2) fees for transcripts; (3) fees for copies and exemplification; (4) fees for service of summons and subpoenas; (5) expenses for copying records from the Coffee County Coroner; and (6) expenses for copying video records from the First

National Bank of Coffee County. Dkt. No. 232 at 1; Dkt. No. 241 at 1.[1]

State Farm "bears the burden of establishing that a challenged cost is not taxable." United States v. Aegis Therapies, Inc., No. CV 210-72, 2015 WL 8677972, at *2 (S.D. Ga. Dec. 11, 2015). It carries that burden as to Sheffield's requests for two expedited trial transcripts, and for copies and exemplification.

## WITNESS FEES

First, Sheffield seeks reimbursement for fourteen witnesses' fees.[2] Dkt. No. 232 at 2-4; Dkt. No. 238 at 5. State Farm objects that six witnesses were not called to testify, while a seventh was called by State Farm. Dkt. No. 237 at 5; Dkt. No. 240 at 6. This objection is not valid. "Once a witness has been summoned to testify . . . he is . . . available," and the statute compensates availability. Hurtado v. United States, 410 U.S. 578, 585 (1973) (emphasis added).

State Farm further claims that the fact that Sheffield did not call the seven witnesses proves that "their testimony was obviously not necessary." Dkt. No. 237 at 5; Dkt. No. 240 at 5-6. This is not so. Witness fees can be taxed as long as "the prevailing party maintained a good faith belief that a witness's

---

[1] Sheffield sought compensation for a court-appointed expert, id., but then re-categorized this request as being for a witness fee. Dkt. No. 238 at 5.
[2] A fifteenth returned his check, and Sheffield narrowed this request accordingly. Dkt. No. 239.

testimony would be necessary." Barrera v. Weiss & Woolrich S., 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012). This is distinct from actually calling a witness. See id. at 1333-34 (taxing uncalled witnesses' fees). Sheffield asserted that he had such a good faith belief, dkt. no. 238 at 3, and State Farm did not meaningfully contest this assertion. This objection is meritless. Sheffield may recover costs for witnesses' fees.

### FEES FOR TRANSCRIPTS

Sheffield seeks reimbursement for transcripts. Dkt. No. 232 at 1; Dkt. No. 232-1 at 16-22. He argues that all of the deponents in question were subpoenaed as witnesses and thought to be necessary at the time of the depositions. Dkt. No. 238 at 2. State Farm objects on four grounds, the last of which has merit.

State Farm first objects that only the Alvin High, Jr. and Hal Parrish depositions were noticed and originally paid for by Sheffield. Dkt. No. 240 at 3. These are the only two depositions for which Sheffield seeks to recover costs for original transcripts. Dkt. No. 232-1 at 16, 21. The remaining deposition-transcript requests are apparently for copies. Id. at 17-18, 22. Sheffield is entitled to costs for originals of High's and Parrish's deposition transcripts, and for one copy for each witness deposed by State Farm. See, e.g., Cardinale v.

S. Homes of Polk Cty., Inc., No. 8:06-CV-1295, 2008 WL 2199273, at *1 (M.D. Fla. May 27, 2008). This objection lacks merit.

However, in reviewing Sheffield's invoices, the Court notes that Sheffield requests compensation for both an original and a copy of Parrish's deposition transcript. Dkt. No. 232-1 at 16. Sheffield has not shown why the copy was necessary. Therefore, it will not be allowed. See Spatz v. Microtel Inns & Suites Franchising, Inc., No. 11-605-509-CIV, 2012 WL 1587663, at *5 (S.D. Fla. May 4, 2012). Because the Court lacks a receipt itemizing the copy separately from the original, it reduces Sheffield's award for this transcript by half, or $397.48. See Attea v. Univ. of Miami Miller Sch. of Med., No. 12-23933-CIV, 2015 WL 5921853, at *5 (S.D. Fla. Aug. 25, 2015), adopted, 2015 WL 5934607 (S.D. Fla. Sept. 11, 2015); Dkt. No. 232-1 at 16.

The Court also deducts $116.01 Sheffield requested for shipping deposition transcripts. Dkt. No. 232-1 at 18, 21-22; Watson v. Lake County, 492 F. App'x 991, 997 (11th Cir. 2012) (per curiam) (unpublished opinion).

State Farm next objects that Sheffield knew that High's testimony would be inadmissible before deposing High, and so Sheffield could not reasonably think that deposition to be necessary. Dkt. No. 240 at 3-4. It is true that prior to High's deposition, the Court had ruled that "evidence or testimony regarding Alvin High [was] not admissible." Dkt. No.

146 at 8. In fact, State Farm relied on this ruling in objecting to Sheffield's motion to take High's deposition in the first place. Dkt. No. 148 at 4.

However, the Court allowed High's deposition. Dkt. No. 150. The Court had specifically qualified its admissibility holding as being based on "the facts [then] before [it]." Dkt. No. 146 at 8. Even though High's deposition failed to yield admissible evidence, the Court found that High was still likely enough to have had relevant information to justify deposing him. The same standard determines the taxability of deposition costs. Eberhart v. Novartis Pharma. Corp., 282 F.R.D. 697, 700 (N.D. Ga. 2012). This objection is thus meritless.

Third, State Farm characterizes the Parrish deposition as unnecessary. Dkt. No. 240 at 4. But Parrish was on State Farm's witness list. Dkt. No. 218 at 1. The Eleventh Circuit has held that "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable." U.S. EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). This objection is meritless.

Finally, State Farm objects to Sheffield's seeking costs for expedited trial transcripts of Jan Smith and Parrish. Dkt. No. 240 at 5. Sheffield concedes that he obtained the transcripts in the mistaken belief that they could be used to accurately recite these witnesses' words in closing arguments.

Dkt. No. 238 at 2-3; see also id. at 3 (apparently conceding the transcripts' non-taxability).

"[E]xpedited trial transcripts should not be allowed as a matter of course," and this case did not feature any extraordinary length or complexity so as to justify taxing them. Maris Distr. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1226 (11th Cir. 2002), aff'g No. 5:97CV15, 2001 WL 862642 (M.D. Fla. May 4, 2001) (upholding taxation of expedited trial transcripts in a seven-week antitrust suit); see also Powell v. The Home Depot, U.S.A., Inc., No. 07-80435, 2010 WL 4116488, at *11-12 (S.D. Fla. Sept. 14, 2010), adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (recommending taxing expedited transcripts in three-week patent infringement suit).

Sheffield may recover costs for all requested transcripts other than the expedited ones of Parrish's and Smith's trial testimony, and the copy of Parrish's.[3] The request is **DENIED** as

---

[3] Without objection, Sheffield seeks to recover a court reporter's deposition appearance fee and a court reporter's travel expenses, and for reading and signing procedures. Dkt. No. 232-1 at 16-17, 21. The reporter costs—although the subject of significant division among district courts—will be allowed because "it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript." Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013); see also Frost v. McNeilus, No. 8:14-CV-81, 2015 WL 1730244, at *2 (M.D. Fla. Apr. 14, 2015); but see, e.g., Hansen v. Sea Ray Boats, Inc., 160 F.R.D. 166, 167 (D. Utah 1995).

As to the travel charge in particular, the reporter here did not charge any other appearance fee and the video deposition in question took place in a remote rural prison. See Dkt. No. 147 at 1. The Court thus deems the request to be for the basic cost of "court reporter attendance." Sembler Family P'Ship No. 41, Ltd. v. Brinker Fla., Inc., No. 8:08-CV-1212, 2009 WL 3790339, at *3 (M.D. Fla. Nov. 9, 2009).

to these and the requested cost is thus reduced by $1085.79. See Dkt. No. 232-1 at 19-20.

## FEES FOR COPIES AND EXEMPLIFICATION

Sheffield seeks costs for copies and exemplification of "discovery, correspondence, copies of pleadings, copies prepared for the Court's consideration, and copies for exhibits." Dkt. No. 232 at 1; Dkt. No. 232-1 at 15-18; Dkt. No. 238 at 4. State Farm objects that he did not provide enough information about the copies' nature and purpose. Dkt. No. 240 at 6.

The Court agrees with State Farm. Sheffield has the burden of showing that the copies "were necessarily obtained for use in the case." Powell, 2010 WL 4116488, at *15. "Unsubstantiated claims that particular documents were necessary"—or that the copies all fit into the broad universe of what is taxable—"are insufficient." Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995). Sheffield "provided [very general] information as to the purpose of the copies," but he must go beyond "provid[ing] the roughest of estimates as to how [the actual cost] was derived." Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1065 (N.D. Ga. 1992), aff'd, 991

---

Taxing reading and signing costs has also drawn opposition. See Sachs v. Lorillard Tobacco Co., Civ. A. No. 01-152, 2003 WL 26473809, at *2 (D. Md. July 3, 2003). The Court taxes them "in light of [State Farm's] failure to object . . . and some support in the case law for recovery." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009); see also Dalles Irrigation Dist. v. United States, 91 Fed. Cl. 689, 713 (2010).

F.2d 751 (Fed. Cir. 1993). His request for copy and exemplification costs is **DENIED**.[4]

## FEES FOR SERVICE OF SUMMONS AND SUBPOENAS

Sheffield seeks reimbursement for summons and subpoenas. Dkt. No. 232 at 1. State Farm did not object. Sheffield may recover these costs.

## EXPENSES FOR COFFEE COUNTY CORONER RECORDS

Sheffield seeks reimbursement for copying Coffee County Coroner records. Dkt. No. 241 at 1; Dkt. No. 241-1 at 2. State Farm did not object. Sheffield may recover these costs.

## EXPENSES FOR FIRST NATIONAL BANK OF COFFEE COUNTY VIDEO RECORDS

Lastly, Sheffield seeks reimbursement for copying First National Bank of Coffee County video records. Dkt. No. 241 at 1; Dkt. No. 241-1 at 1. State Farm did not object. Sheffield may recover these costs.

## CONCLUSION

The Court **GRANTS** Sheffield's bill of costs in part, but **DENIES** it as to expedited transcripts of Parrish's and Smith's trial testimony, and **DENIES** it as to copies and exemplification. The Clerk of Court is hereby **DIRECTED** to tax the following costs against State Farm—

---

[4] Sheffield may renew this request by submitting to the Court "information as to the number of documents and pages copied, what types of documents were copied, who was in possession of the originals of these documents, what the purpose of copying these documents was, and why these copies were necessary for use in the case." Id. However, he cannot request exhibit costs. W&O, Inc., 213 F.3d at 623; see also Dkt. No. 238 at 4 (indicating that exhibits "account for over half the copy costs requested.").

Witness fees: $1483.50[5]

Fees for transcripts: $2655.04

Fees for service of summons and subpoenas: $356.20

Expenses for copying records from the Coffee County Coroner: $206.50

Expenses for copying video records from the First National Bank of Coffee County: $1065.25

**TOTAL: $5766.49**

**SO ORDERED**, this 26TH day of September, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] Sheffield charged for witness Fred Alan Broome's higher mileage rate; State Farm did not object. Dkt. No. 232-1 at 23; Dkt. No. 238 at 5.